## No. 25729

**The Public Utilities Commission of the State of Colorado v. District Court in and for the City and County of Denver and Clifford H. Darrow, a Retired Judge assigned to said Court**

(505 P.2d 1300)

Decided February 5, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Irvin M. Kent, Assistant, Eugene C. Cavaliere, Assistant, for petitioner.

Ralph B. Rhodes, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

This is an original proceeding in which we issued our rule to the respondent district court to show cause why it should not be prohibited from staying an order of the Public Utilities Commission, the petitioner herein. The PUC had ordered Sentry Services, Inc., a Colorado corporation, to appear and produce certain business records. Sentry is the holder of a PUC permit authorizing it to engage in business as a towing carrier.

█ █ The matter is now at issue, and after having consid-

ered the merits of the controversy, we make the rule absolute, thereby holding that the respondent district court is without jurisdiction in this matter and thus, should not have interfered with the enforcement of the PUC order.

This controversy arose when the PUC commenced an investigation of the business operations of Sentry under its permit to engage in the towing business. This investigation indicated that Sentry was possibly conducting its operations in violation of orders, rules, or regulations of the PUC. On this basis, the PUC entered its order requiring Sentry to appear at a hearing and produce certain business records for examination. When Sentry's motion to vacate this order was denied by the PUC, Sentry petitioned the respondent district court under 1969 Perm. Supp., C.R.S. 1963, 3-16-5 of the Administrative Code to enter an order staying further proceedings by the PUC pending judicial review of its order.

In its petition to the respondent district court, Sentry claimed that the PUC had exceeded its statutory authority and discretion under the Administrative Code and that Sentry's president and secretary, being defendants in criminal actions in the Denver County Court, should not be required to produce records inasmuch as such records might incriminate them. The respondent district court issued an ex parte cease and desist order to the PUC pending judicial review. It is this order that is challenged by the PUC in this original proceeding.

Sentry lacked standing under 1969 Perm. Supp., C.R.S. 1963, 3-16-5. That section provides judicial review for persons adversely affected or aggrieved by agency action. But here, the only persons "aggrieved" by possible self-incrimination from the order to produce records seem to be the company's president and secretary. That is not sufficient because the Fifth Amendment right is a personal one, and may not be invoked by corporations. *Campbell Painting Corp. v. Reid,* 392 U.S. 286, 88 S.Ct. 1978, 20 L.Ed.2d 1094 (1968).

Even if Sentry had standing, 1969 Perm. Supp., C.R.S. 1963, 3-16-5 of the Administrative Code is not

applicable here because of the exception set forth in the statute which immediately follows Section 3-16-5. In pertinent part 3-16-6 states:

"This article applies to every agency of the state ... but, where there is a conflict between this article and a specific statutory provision relating to a specific agency, such specific statutory provision shall control as to such agency."

The statutory authority governing the judicial review of PUC orders and decisions is specifically detailed in 1969 Perm. Supp., C.R.S. 1963, 115-6-14, 15 and 16.

The principal thrust of the argument in support of the respondent's order is that the PUC has no right, or power, or jurisdiction to order production of any of Sentry's business records under the circumstances of this case. This argument falls completely when considered in the light of Rule 14.M. of the Rules of Practice and Procedure Before the PUC. This rule incorporates by reference the Colorado Rules of Civil Procedure pertaining to pretrial discovery. It was therefore within the power of the PUC to order the production of these records.

The respondent district court is directed to vacate its order and to dismiss the petition of Sentry.

Rule is made absolute.