543 P.2d 101 (1975)
Claim of George N. ZAPPAS, Petitioner,
v.
INDUSTRIAL COMMISSION of the State of Colorado et al., Respondents.
No. 74-538.
Colorado Court of Appeals, Div. III.
August 6, 1975.
Rehearing Denied September 30, 1975.
Certiorari Denied December 15, 1975.
*102 Hoyman, Nanney & Dixon, P. C., John Hoyman, Denver, for petitioner.
Edward G. Donovan, Sol. Gen., Joseph N. de Raismes, Asst. Atty. Gen., Denver, for respondent Industrial Commission of the State of Colorado.
Richard G. Fisher, Jr., Fred B. Dudley, Denver, for respondents Target Roofing Co. and State Compensation Ins. Fund.
Selected for Official Publication.
PIERCE, Judge.
In this workmen's compensation claim, the referee initially made minimal findings of fact and entered an order favorable to claimant. Respondents Target Roofing Company, Inc., and the State Compensation Insurance Fund then petitioned for a review of the award under the provisions of § 8-53-106(1), C.R.S.1973.
Pursuant to that administrative appeal, the referee obtained transcripts of the original hearings and upon review of the entire file made additional findings of fact and law and entered a supplemental award which denied benefits to the claimant, who then instigated administrative appeal procedures. Upon that appeal, the Industrial Commission adopted the supplemental findings of the referee as its own and entered an order of no award. Claimant now seeks review of that order by the Industrial Commission. We affirm.
The principal thrust of claimant's argument is that the referee acted arbitrarily and capriciously in arriving at his determinations in the supplemental award and that, having exceeded his powers, he rendered the rest of the proceedings by the Industrial Commission void. We do not agree.
Section 8-53-106(1), C.R.S.1973, states, in pertinent part:
"Any party in interest who is dissatisfied with the award entered by the referee or director may file a petition with the referee or director to review such award. Upon the filing of such petition, the referee or director may reopen the case. . . [he may] amend or modify said prior order by a supplemental order. . . . In any event, if it has not already been done, the referee or director, following a petition to review an award, shall make findings of fact which shall include all evidentiary and ultimate facts necessary to support such award."
Before he made his determinations leading to the supplemental award, the referee had before him, in addition to the other file materials, the complete transcripts of the hearings and the briefs of counsel regarding the pertinent issues. The supplemental order contains 12 very detailed findings of fact regarding the alleged accident and the credibility of the witness. These findings, which we need not detail, are sufficient to justify the change in result. We find nothing arbitrary or capricious in the determination by the referee.
Claimant also intimates that if the actions of the referee were not arbitrary and capricious under the Workmen's Compensation Act, they may have been under provisions of the Colorado Administrative Procedure Act, § 24-4-101 et seq., C.R.S.1973. The Administrative Procedure Act is not pertinent to this action because its appeal procedures vary in many material respects from those of § 8-53-106, C.R.S.1973. The appeal procedures under the Workmen's Compensation Act are complete and definitive and constitute an organic act which is self-operational without the need of supplementation from the Administrative Procedure Act. Therefore the provisions of § 8-53-106, C.R.S.1973, control this action. See North Kiowa-Bijou Management District v. Ground Water Commission, *103 180 Colo. 313, 505 P.2d 377; Public Utilities Commission v. District Court, 180 Colo 388, 505 P.2d 1300; Industrial Commission v. Plains Utility Co., 127 Colo. 506, 259 P.2d 282.
Order affirmed.
VanCISE and STERNBERG, JJ., concur.