**CITY OF AURORA, Colorado, a municipal corporation, Petitioner,**

v.

**INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado), Respondent.**

No. 79CA0505.

Colorado Court of Appeals, Division II.

March 20, 1980.

William R. Sprague, Charles H. Richardson, Aurora, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., David L. Lavinder, Asst. Atty. Gen., Denver, for respondent.

RULAND, Judge.

The City of Aurora seeks this review of an order of the Industrial Commission dismissing its petition for review of a determination that Aurora is not a seasonal employer pursuant to the Unemployment Compensation Act. We dismiss the appeal.

The record reflects that Aurora filed an application with the director of the Division

of Employment pursuant to § 8–73–106, C.R.S.1973 (1978 Cum.Supp.), for classification as a seasonal employer for certain workers employed by the City. The application was considered at a hearing by a duly designated hearing officer. Following the hearing, on May 9, 1978, the officer entered written "findings of fact and determination." Aurora promptly filed a petition for review with the Commission which was dismissed in May of 1979, based upon the Commission's conclusion that it lacked jurisdiction. Aurora then sought review in this court.

The Commission contends that, because the General Assembly had not enacted a procedure for appeal of that decision to it, the Administrative Procedure Act, § 24–4–101, et seq., C.R.S.1973, was applicable, and that any appeal of the Division's decision should have been filed in the district court. We agree.

As distinguished from its responsibilities as an administrative tribunal pursuant to the Unemployment Compensation Act and the Workmen's Compensation Act, see §§ 8–74–105 and 8–53–106, C.R.S.1973, the Commission's duties with reference to the seasonal employment question were previously expressly limited by statute to the adoption of rules and regulations. See § 8–73–106, C.R.S. 1973 (1978 Cum.Supp.). And, the General Assembly has mandated in § 8–71–104, C.R.S.1973 (1978 Cum.Supp.), that the director of the Division of Employment has all functions, powers and duties specified in Articles 70 to 82 of Title 8 "except functions specifically granted in articles 70 to 82" to the Unemployment Compensation Commission.

The Division of Employment must be deemed an agency as that term is defined in the Administrative Procedure Act. See § 24–4–102(3) C.R.S.1973. And, on the dates pertinent here, the General Assembly had not specified an appellate procedure for review of decisions by the Director of the Division. Contrary to Aurora's contention, the appellate procedure outlined in Article 74 of Title 8, C.R.S.1973, was limited to review of unemployment claims. See §§ 8–74–101 and 8–74–104, C.R.S.1973. Thus, the Administrative Procedure Act was applicable.[1] Cf. Zappas v. Industrial Commission, 36 Colo.App. 319, 543 P.2d 101 (1975).

Appeal dismissed.

ENOCH, C. J., and STERNBERG, J., concur.

1. In June of 1979, the General Assembly amended the statute to authorize administrative review of the Division's decisions. See § 8–73–106(3), C.R.S.1973 (1979 Cum.Supp.).