**STATE COMPENSATION INSURANCE FUND and State Home and Training School, Petitioners,**

v.

**Ellen C. VELASQUEZ and Industrial Commission of the State of Colorado, Respondents.**

**No. 80CA0961.**

Colorado Court of Appeals, Div. II.

April 30, 1981.

Russell A. Stanley, Kathleen W. Robinson, William J. Baum, Denver, for petitioners State Compensation Ins. Fund and State Home and Training School.

Vernon P. Playton, Denver, for respondent Ellen C. Velasquez.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary Mullarkey, Sp. Asst. Atty. Gen., Molly Sommerville, Asst. Atty. Gen., Denver, for respondent Industrial Commission of the State of Colo.

KIRSHBAUM, Judge.

The sole issue in this workmen's compensation case is whether the Industrial Commission correctly determined that the income maintenance benefits paid to claimant for attending a vocational rehabilitation training program, see § 8–49–101(1)(a), C.R.

S.1973 (1980 Cum.Supp.), are not subject to an offset for employer pension plan benefits provided in § 8–51–101(1)(d), C.R.S.1973. We affirm.

The essential facts are undisputed. Claimant sustained a compensable injury in September 1976. A referee concluded that she was temporarily and totally disabled until July 1979, and also awarded her permanent partial disability. Claimant received income maintenance benefits for approximately 32 weeks. After the accident, effective March 1977, she also began receiving a disability annuity from the Public Employee's Retirement Association (PERA).

The referee held that the insurer could reduce claimant's temporary and permanent disability benefits and her income maintenance benefits by the amount of her PERA benefits. The employer and insurer challenged the award of permanent disability. The Commission affirmed this award but reversed the referee insofar as he held that the income maintenance benefits paid to claimant could be reduced by claimant's disability annuity.

■ The employer and insurer contend that the Workmen's Compensation Act treats income maintenance benefits as the "equivalent" of temporary disability benefits, arguing that they are essentially identical in purpose and amount and should therefore not be received simultaneously by an employee. *See* § 8–49–101(1)(a), C.R.S. 1973 (1980 Cum.Supp.). Thus, the argument continues, the offset provisions of § 8–51–101(1)(d), C.R.S.1973, must apply to income maintenance benefits. We do not agree.

Section 8–51–101(1)(d), C.R.S.1973, provides in pertinent part:

"In cases where it is determined that periodic disability benefits are payable to an employee under the provisions of a pension plan financed in whole or in part by the employer, hereinafter called 'employer pension plan', the aggregate benefits payable for *temporary total disability, temporary partial disability, permanent partial disability, and permanent total disability pursuant to this section* shall be reduced, but not below zero, by an amount equal as nearly as practical to such employer pension plan benefits . . . ." (emphasis supplied)

■ Where the meaning of a statutory provision is clear and no absurdity is involved, the language is not subject to construction. *American Metal Climax, Inc. v. Claimant in re Death of Butler*, 188 Colo. 116, 532 P.2d 951 (1975); *Ritter v. Industrial Commission*, Colo.App., 615 P.2d 40 (1980). The above-quoted statute is not ambiguous. The General Assembly has listed specifically those benefits which are to be offset by any disability annuity payments. Income maintenance benefits are not included in this listing. To extend the statute to include such benefits "would not only be tantamount to indulging in judicial legislation but would ignore the express statutory language . . . ." *Industrial Commission v. Rowe*, 162 Colo. 248, 425 P.2d 274 (1967). Our conclusion is buttressed by the fact that the General Assembly authorized vocational rehabilitation and income maintenance benefits in that portion of the Act which deals with medical benefits, *see* § 8–49–101, C.R.S.1973 (1980 Cum.Supp.), rather than in the article establishing disability benefits, *see* § 8–51–101 *et seq.*, C.R.S.1973.

Order affirmed.

BERMAN and KELLY, JJ., concur.