**PINKARD CONSTRUCTION COMPANY and Employers Fire Insurance Company, Petitioners,**

v.

**INDUSTRIAL COMMISSION OF COLORADO, Charles McGrath, in his capacity as Director, Division of Labor, and Nickolaos Kallergis, Respondents.**

No. 83CA0947.

Colorado Court of Appeals, Div. IV.

July 19, 1984.

Rehearing Denied Aug. 16, 1984.

Certiorari Denied Jan. 14, 1985.

James R. Clifton & Associates, P.C., Lee R. Combs, David L. Lavinder, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., James R. Hubbard, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Charles McGrath.

John Hoyman, Greeley, for respondent Nickolaos Kallergis.

COYTE, Judge.*

Petitioners, Pinkard Construction Company and Employers Fire Insurance Company, seek review of a final order of the Industrial Commission directing payment of certain medical expenses incurred by the claimant, Nickolaos Kallergis. We set aside the order.

Claimant sustained a work-related back injury on April 9, 1974. He received a lump sum payment for permanent partial disability on May 27, 1975, and the claim was closed.

On June 14, 1981, claimant experienced a recurrence of intense back pain, and surgery was performed on the same area of his spinal column as was involved in the 1974 injury. Claimant subsequently requested payment of the medical expenses incurred as a result of his 1981 back problems.

Following a hearing on claimant's entitlement to medical benefits, the hearing offi-

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

cer found that claimant suffered "recurrent disk at L5–S1," that the resulting need for medical treatment was "a direct result of claimant's 1974 accident and was a manifestation of claimant's need for further medical treatment for the injuries incurred in the compensable accident of April 1, 1974," and that the medical care received by claimant was "a direct consequence of the 1974 accident." In addition, the hearing officer determined that payment of medical benefits did not require reopening the case since medical benefits necessitated by a compensable accident "are payable over claimant's lifetime." The Industrial Commission affirmed the hearing officer's order.

On review, petitioners contend that the award of medical benefits was barred by § 8–53–113, C.R.S. (1983 Cum.Supp.), which imposes a time limitation on the reopening of cases for the changed condition of the claimant. It is conceded by claimant that the period for reopening the case had expired prior to his application for additional medical benefits. Claimant argues, however, that under § 8–49–101(1)(a), C.R.S. (1983 Cum.Supp.), he is entitled to continuing medical benefits without the necessity of reopening his case. We disagree.

As a preliminary matter, it is unnecessary for us to determine whether, as the Commission and the parties apparently assume, that § 8–49–101(1)(a) and § 8–53–113, as opposed to the earlier versions of those provisions in effect at the time of claimant's injury, control this case, since the same result obtains under either version of the statutes. *See Thye v. Vermeer Sales & Service*, 662 P.2d 188 (Colo.App. 1983); *See generally* 3 A. Larson, *Workmen's Compensation Law* § 81–21 (1983).

■ Sections 8–49–101(1) and 8–53–113 must be construed together in order to effectuate the legislative intent embodied in the entire statutory scheme. *See Public Employees' Retirement Ass'n v. Greene*, 195 Colo. 575, 580 P.2d 385 (1978). Section 8–53–113 in relevant part states that:

"At any time within . . . two years after the date the last payment of compensa-

tion has been made . . . the director or a hearing officer may, after notice to all parties, review and reopen any award upon a finding that . . . the condition of the claimant has changed. If an award is reopened, compensation and medical benefits previously ordered may be ended, diminished, maintained, or increased."

Section 8–53–113 thus expressly provides a procedure for changing the amount of an award of medical benefits based upon the changed condition of the claimant, and places a time limit upon the availability of that remedy.

■ In relevant part § 8–49–101(1) states that:

"Every employer . . . shall furnish such medical, surgical . . . treatment . . . as may reasonably be needed at the time of the injury . . . and thereafter during the disability . . . to cure and relieve from the effects of the injury."

Read literally, the phrase "as may reasonably be needed at the time of the injury . . . and thereafter during the disability" modifies "treatment" rather than "furnish." Thus, the amount of medical benefits awarded must be sufficient to cure and relieve from the effects of the injury during the entire period of disability, but § 8–49–101(1) does not by its express terms require such benefits to be provided after a final award by the Commission.

■ The construction of § 8–49–101(1) urged by claimant permitting the award of additional medical benefits without the necessity of reopening the case would render the provisions of § 8–53–113 applying to medical benefits mere surplusage since it would never be necessary for a claimant to reopen his case in order to obtain additional medical benefits. Such construction would contravene the principle that the entire statute is intended to be effective. Section 2–4–201(1)(b), C.R.S. (1980 Repl.Vol. 1B). Thus, in order to give full effect to § 8–53–113, § 8–49–101(1) must be construed as authorizing the award of medical benefits only until a final order of the Commission is entered and the case is closed.

This construction is in accord with the decisions consistently holding that, unless there is a reopening, § 8–53–113 precludes an award of additional benefits for worsened conditions after a case has been closed. *See, e.g., Thye v. Vermeer Sales & Service, supra; In re Claim of Brunetti v. Industrial Commission,* 670 P.2d 1246 (Colo.App.1983); *Brofman v. Industrial Commission,* 117 Colo. 248, 186 P.2d 584 (1947).

Moreover, the recent re-enactment of § 8–53–113 (formerly § 8–53–119 C.R.S.) in substantially identical form, *see* Colo.Sess. Laws 1983, ch. 79, § 1 at 421, is an indication of legislative acquiescence in this construction. *See Creacy v. Industrial Commission,* 148 Colo. 429, 366 P.2d 384 (1961).

■ We conclude, therefore, that the Commission proceeded in excess of its jurisdiction in awarding claimant additional medical benefits after the expiration of the period for reopening a case.

The order is set aside and the cause is remanded with directions to deny the claim for medical benefits.

ENOCH, C.J., and LEE, J., concur.