Paul G. **KLOSTERMAN**, Petitioner,

v.

**INDUSTRIAL COMMISSION OF COLORADO, Department of Labor and Employment, and Barbara Guillet, Respondents.**

**No. 84CA0045.**

Colorado Court of Appeals, Div. III.

Oct. 25, 1984.

Rehearing Denied Nov. 29, 1984.

Dawes & Accetta, P.C., Robert C. Dawes, Durango, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura Udis, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Dept. of Labor and Employment.

Sharon L. Hansen, Cortez, for respondent Barbara Guillet.

BERMAN, Judge.

Petitioner, Paul Klosterman, seeks review of a final order of the Industrial Commission which denied his petition to reopen a prior determination that he was individually liable as an employer of claimant, Barbara Guillet, for her workmen's compensation benefits. We affirm.

Claimant filed a claim for compensation in April 1981, alleging that she had sustained a back injury in April 1977 while working for the Bell Creek Rig Restaurant in Cortez. She stated that she had reported the injury to Klosterman and Michael Barry. The Division of Labor forwarded a copy of the claim together with an inquiry about insurance coverage to Bell Creek Rig at its street address. Klosterman responded, essentially denying that claimant had sustained a compensable injury. He stated that he was a partner in the business with Barry but not "an active participant" in April 1977 and had recently taken over its management. He gave his address at the Bell Creek Rig with a post office box number.

A hearing was held in August 1981 at which neither Klosterman nor anyone else appeared on behalf of the employer. The hearing officer found that claimant had sustained a compensable injury and that her claim was timely. No determination was made as to benefits other than that claimant was entitled to medical benefits. This order, as well as all notices of hearing and subsequent orders, designated Michael Barry and Paul Klosterman, d/b/a Bell Creek Rig Restaurant, as the noninsured employer.

In March 1982, the Division advised claimant by form letter, with a copy to the employer, of her rights with respect to any claim for permanent disability. Upon claimant's request, a hearing was then scheduled and notice thereof was sent to the named employer and to Klosterman at the addresses previously used. No one appeared at the hearing on behalf of the employer.

In an order entered in November 1982, the hearing officer found that claimant had

been temporarily disabled for 171 weeks and had sustained a permanent disability of 15 percent as a working unit. Including medical benefits and a 50 percent penalty for failure to insure, the employer was ordered to pay $61,993.85, with interest as provided in § 8–52–109(2), C.R.S.

Klosterman filed his petition to reopen in March 1983, alleging error or mistake. He was the only witness at the hearing on the petition. He testified and established by documentary evidence that the Bell Creek Rig Restaurant was owned and operated by a corporation. In 1977 he and Barry were stockholders. He stated that he had received notice of the August 1981 hearing and that his nonattendance was inadvertent. After he received a copy of the 1981 order establishing liability, he contacted an attorney. The attorney advised him that the claim should have been filed against the corporation and that he would so advise claimant's attorney. A copy of a letter of September 1981 from Klosterman's attorney to claimant's attorney was introduced into evidence.

Klosterman stated that the only communication he had received thereafter was the copy of the Division's March 1982 letter to claimant. He did not receive notice of the June 1982 hearing nor a copy of the November 1982 order. He no longer had a connection with the business addresses to which these and all previous communications from the Division were sent and did not advise the Division of a change of address. After the initial consultation, Klosterman heard nothing further from his attorney and did not contact him again until he learned that a judgment had been entered against him. The record reflects that the attorney did not enter an appearance with the Division.

The hearing officer found the facts essentially as set forth above. He specifically found that Klosterman "never followed through to determine what effort, if any [his attorney] made in his behalf," and concluded that because of his failure to continue to check with his attorney and his failure to attend the hearings, "the error or mistake in this case is ... [Klosterman's]

neglect." The hearing officer further determined that since Klosterman had not notified the Division of a change of address, his failure to receive the November 1982 order was also attributable to his neglect. Accordingly, he found no basis for reopening and denied and dismissed Klosterman's petition. The Industrial Commission affirmed.

The statute applicable at the time of Klosterman's petition to reopen, Colo.Sess. Laws 1975, ch. 71, § 8–53–119 at 307 (subsequently modified, but with no substantive changes insofar as pertinent here; see Colo.Sess.Laws 1984, ch. 58, § 8–53–113 at 310), provided in pertinent part that an award could be reopened "on the ground of an error, a mistake, or a change in condition." Analogizing to the provisions of C.R.C.P. 60(b) for setting aside a judgment, Klosterman contends that excusable neglect falls within the definition of error or mistake as used in § 8–53–119, C.R.S., that his conduct subsequent to the order of September 1981 meets the criteria for excusable neglect as that term has been applied in cases decided under C.R.C.P. 60(b), and that, therefore, his petition to reopen should have been granted, or alternatively, that we should remand this case to the Commission for a determination as to whether his neglect was excusable. We conclude these contentions are without merit.

■■■ The procedure for reopening set forth in the Workmen's Compensation Act is complete and definitive and need not be supplemented by the Colorado Rules of Civil Procedure or principles applicable thereto. See In re Claim of Zappas, 36 Colo.App. 319, 543 P.2d 101 (1975); cf. Craig v. Rider, 651 P.2d 397 (Colo.1982); Intermountain Rubber Industries, Inc. v. Valdez, 668 P.2d 1133 (Colo.App.1984). The statute specifically enumerates the grounds upon which the director may reopen an award. Excusable neglect is not included among those grounds, and, therefore, we may not read it into the statute. See Industrial Commission v. Rowe, 162 Colo. 248, 425 P.2d 274 (1967); State Compensation Insurance Fund v. Velasquez, 628 P.2d 190 (Colo.App.1981). Moreover,

while considerations constituting mistake or error and excusable neglect may sometimes overlap, we do not consider them to be synonymous.

Under the Workmen's Compensation Act, the director of the Division of Labor and the Industrial Commission have the authority and discretion to determine whether an error or mistake has been made and if so whether it is the type of error or mistake which warrants a reopening. *Travelers Insurance Co. v. Industrial Commission*, 646 P.2d 399 (Colo.App.1981). It is apparent here that the Commission did not consider Klosterman's inaction after he obtained counsel, including his failure to apprise the Division of a change of address, or at any time of an address for the registered agent of the corporate entity, to be the type of mistake which would entitle him to a reopening. We perceive no abuse of discretion in this determination and, hence, may not disturb it on review. *See Travelers Insurance Co., supra.*

Order affirmed.

BABCOCK and METZGER, JJ., concur.