**Dawna M. GROVER, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Department of Labor and Employment, Respondents and Cross-Respondents,**

**and**

**Pac 'N Save, and Commercial Union Insurance Company, Respondents and Cross-Petitioners.**

**No. 86CA0741.**

Colorado Court of Appeals,
Div. IV.

April 2, 1987.

Rehearing Denied April 30, 1987.

Certiorari Granted (Grover)
July 13, 1987.

Dawes and Crane, P.C., Robert C. Dawes, Durango, for petitioner and cross-respondent Dawna M. Grover.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents and cross-respondents Industrial Com'n and Dept. of Labor and Employment.

James R. Clifton & Associates, P.C., Diane Murley, Charles W. Hemphill, Denver, for respondents and cross-petitioners Pac 'N Save and Commercial Union Ins. Co.

SILVERSTEIN *, Judge.

Claimant, Dawna M. Grover, seeks review of a portion of the final order of the Industrial Commission which decreed that claimant was not entitled to medical benefits after the date her permanent partial disability award was entered. We affirm this ruling.

Respondents, Pac 'N Save (employer) and Commercial Union Insurance Company, cross-petition for review of that part of the order which determined that employer was liable for child care costs incurred by claimant while she participated in a vocational rehabilitation program. We set aside this ruling.

I.

Claimant sustained an industrial injury for which she received medical and temporary total disability benefits. At a hearing concerning permanent disability, the evidence established that claimant's condition had stabilized, and the hearing officer concluded that claimant had a twenty percent permanent partial disability as a working unit. Nevertheless, the hearing officer, based on the medical reports, ordered further that the issue of medical care remain open and required the employer to pay all reasonable medical expenses "necessary to relieve the effects of the injury."

On review, the Industrial Commission affirmed the finding that claimant had reached maximum medical improvement and the awarding of partial permanent disability, but reversed the order regarding ongoing medical care. The Commission stated:

"A claimant has either reached maximum medical improvement or not, for purposes of both liability for medical benefits and the finality and validity of a finding of permanent disability. In the present case the finding was express, and must be held to mean, that claimant had reached maximum medical improvement. There is not a finding in the decision or a substantial appearance that claimant should continue to undergo an established or particular recommended course of treatment for some definite time period, related to her injury and calculated to continue to attempt to restore her to maximum medical improvement."

The Commission then pointed out that should circumstances warrant it, claimant's remedy would lie in a petition to reopen the case.

■■■ We agree with the Commission's reasoning that claimant has either reached maximum medical improvement or she has not. Maximum medical improvement is attained when the underlying condition causing the disability *has become stable and nothing further in the way of treatment will improve the condition. Golden Age Manor v. Industrial Commission*, 716 P.2d 153 (Colo.App.1985). Both maximum medical improvement and a need for further treatment to improve the existing condition cannot exist together. Claimant is either in need of further treatment to improve her existing condition, thus making a permanent disability award premature, *see Dziewior v. Michigan General Corp.*, 672 P.2d 1026 (Colo.App.1983), or her condition has stabilized and the issue of permanent disability must be determined and awarded.

■■ Medical benefits can be awarded only until permanent disability has been determined and the final order thereon has been entered. *See Pinkard Construction Co. v. Industrial Commission*, 694 P.2d 858 (Colo.App.1984).

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3),

and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

The Commission found that claimant has reached maximum medical improvement. This finding is supported by substantial evidence, and thus, the Commission properly disallowed ongoing indefinite medical benefits.

## II.

The hearing officer determined that claimant could not return to her employment; therefore, she was referred to a vocational rehabilitation vendor. A plan was developed for claimant to receive on-the-job training at a floral shop. Upon completion of the training, claimant was to be permanently employed as a floral arranger. The rehabilitation plan also provided that claimant would be reimbursed by employer for child care costs she incurred while participating in the training.

The employer contends the Commission erred in ordering it to pay claimant's child care expenses while she participated in vocational rehabilitation. We agree.

While it appears clear that the child care costs were occasioned by the vocational rehabilitation program and that claimant could not afford to pay them from her income maintenance benefits, we find no statutory basis for ordering such costs to be paid by respondents.

Section 8-49-101(1)(a), C.R.S. (1986 Repl. Vol. 3B) specifically provides that vocational rehabilitation benefits shall include tuition, fees, transportation, and weekly maintenance equivalent to that the employee would receive for temporary total disability benefits. There is no provision for child care expenses, even if they are necessary in order to comply with the vocational rehabilitation plan. To affirm an award of such costs would be tantamount to judicial legislation and would ignore the express statutory language. This we cannot do. *See State Compensation Insurance Fund v. Velasquez*, 628 P.2d 190 (Colo.App.1981).

Moreover, we know of no case in any jurisdiction, and claimant cites none, which permits child care costs to be awarded incident to vocational rehabilitation. The deci-

sion in *City & County of Denver v. Industrial Commission*, 682 P.2d 513 (Colo.App. 1984) is inapposite. There, we held that the provision in § 8-49-101(1)(a), as then in effect, which allows for reasonable and necessary medical supplies, was broad enough to authorize a medically prescribed hot tub. Here, however, the statute sets forth specific and limited expenses to be covered. Child care costs are not included; thus, we conclude it was error to order respondents to pay them.

The order is affirmed with respect to medical benefits. The order is set aside with respect to child care costs.

VAN CISE, J., and HODGES, Justice, concur.