Jeff BENEDICT, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OF-FICE; Aksel Nielson and Nelson Norgren, and Western Casualty and Surety Company, Respondents.

No. 86CA1701.

Colorado Court of Appeals,
Div. I.

June 18, 1987.

Law Office of John G. Salmon, P.C., Kathleen L. Spalding, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Hall & Evans, Lynn P. Lyon, Denver, for respondents Aksel Nielson and Nelson Norgren, and Western Cas. and Surety Co.

Paul W. Conaway, Denver, amicus curiae for Colorado Trial Lawyers Assn.

ENOCH, Chief Judge.

The issue raised in this review is whether Jeff Benedict (claimant) is entitled to medical benefits for expenses arising as a result of a covered injury, after a final award of permanent disability benefits was entered and the time has expired for filing a petition to reopen pursuant to § 8–53–113, C.R.S. (1986 Repl. Vol. 3B). The Industrial Claim Appeals Panel (Panel) relied on our decision in *Pinkard Construction Co. v. Industrial Commission,* 694 P.2d 858 (Colo.App.1984) (cert. denied January 14, 1985) in concluding that claimant could not receive additional benefits under these circumstances. We set aside the order and remand with directions.

Claimant sustained an industrial injury to his right foot in August 1979. All five toes required amputation, followed by extensive skin grafting. He received temporary total benefits until October 1979 and medical expenses were paid. In November 1980, respondents filed a final admission of liability for permanent disability benefits. The admission provided that: "Medical benefits remain open as claimant is still under the care of physicians." A notice of final payment pursuant to the admission was filed in December 1981 and the claim was purportedly closed.

In March 1982, claimant, citing a need for surgery to remove a bone deformity from this foot, petitioned to reopen his claim. Respondents acquiesced in the reopening and paid additional medical and temporary disability benefits. No further activity took place on the claim until February 1986, when claimant made a telephone request for further medical benefits. He was experiencing increased pain in his foot, had developed a neuroma which required removal, and his skin grafts had broken down, requiring surgical revision. Respondents denied claimant's request, reasoning that since the time limitations for reopening a claim pursuant to § 8–53–113 had expired, they were not liable for additional benefits.

Thereafter, claimant requested the Division of Labor to order the medical benefits, asserting that § 8–49–101(1)(a), C.R.S. (1986 Repl. Vol. 3B) imposed no time limitation during which medical benefits could be sought, so long as they were reasonably needed during the disability. The Division of Labor and the Panel denied claimant's request and this petition for review followed.

I.

Section 8–49–101(1)(a) provides in relevant part:

"Every employer, regardless of his method of insurance, shall furnish such medical ... treatment, ... supplies, ... apparatus, and vocational rehabilitation ... as may reasonably be needed at the time of the injury or occupational disease and *thereafter during the disability ...* to cure and relieve from the effects of the injury." (emphasis added)

Claimant and amicus curiae assert that the emphasized language must be construed to mean that claimant may receive necessary medical benefits without a time limitation since the duration of his permanent disability is perpetual. This contention is buttressed, they argue, by the fact that the predecessors of § 8–49–101(1) did provide time limitations during which medical benefits could be sought. *See, e.g.,* C.R.S. 1963, 81–10–1(1)(a) (medical benefits reasonably necessary to be paid during the disability but not exceeding six months from the date of the accident). Thus, they assert that the absence of a time limitation in the current statute indicates that the General Assembly intended that no time restriction be imposed. We do not agree.

In *Pinkard Construction Co. v. Industrial Commission, supra,* we held that § 8–49–101(1)(a) and § 8–53–113, C.R.S. (1986 Repl. Vol. 3B) must be construed together in order to effectuate the legislative intent. We concluded that the time limitations set forth in § 8–53–113 were applicable to medical benefits and that § 8–49–101(1) authorizes an award of medical benefits only until a final order of the Commission (now the Panel) is entered and the claim is closed.

We construe the elimination of time restrictions from § 8–49–101(1) as an indication that the General Assembly recognized that the medical treatment necessary to relieve the effects of an injury during periods of *temporary* disability could realistically exceed any fixed time limitation. Thus, as we held in *Pinkard,* medical benefits may be awarded without time limitation, until a final award is entered.

Claimant concedes that his 1986 request for additional medical benefits was not within the time limitations set forth in § 8–53–113. It is also undisputed that our decision in *Pinkard* is dispositive of claimant's first argument. We decline claimant's invitation to depart from *Pinkard,* and thus, his contention that medical benefits are awardable without time limitation must fail.

## II.

Claimant alternatively asserts that *Pinkard* is inapplicable here because at the time of respondent's final admission of liability, it was acknowledged that additional medical treatment was necessary. We agree.

In certain limited circumstances, an injured worker could reach maximum medical improvement, yet that same worker could require periodic medical care to prevent his condition from deteriorating. *See Golden Age Manor v. Industrial Commission,* 716 P.2d 153 (Colo.App.1985) (maximum medical improvement is reached when condition is stabilized and further treatment will not improve condition). We are persuaded that in such a case it is permissible under the Workmen's Compensation Act (Act) to leave the issue of medical benefits open.

We find implicit support for this conclusion in the following language contained in § 8–53–113.

"If an award is reopened ... medical benefits previously ordered may be ended, diminished, maintained, or increased."

A party could not file a petition to reopen to end or diminish medical benefits if medical benefits had not been ongoing. It is equally illogical that a petition to reopen would be necessary if a final award had not previously been entered. Thus, we conclude that the Act envisions that medical benefits may remain ongoing if they were ordered at the time a final award became otherwise appropriate and was entered. However, this conclusion should not be construed to imply that an insurer or employer could not contest the necessity of medical expenses which subsequently arise or

whether those expenses are the result of the subject injury.

In so holding, we are not unmindful of our recent decision in *Grover v. Industrial Commission*, 739 P.2d 900 (Colo.App.1987), but we conclude that *Grover* is distinguishable.

In *Grover*, the Industrial Commission ruled that a worker who has reached maximum medical recovery may not receive additional medical benefits except by way of a petition to reopen. The Commission found that since there was no specific treatment recommended, the claimant there had reached maximum medical improvement. It concluded, therefore, that the issue of medical expenses could not remain open. We affirmed the Commission's order.

Although the record here is also devoid of a specific recommendation for a course of treatment, it is critical to note that this issue was not adjudicated below. Rather, respondents agreed that it was appropriate to leave medical benefits open. Also noteworthy is that, in affirming the Commission's order in *Grover*, we did not hold that a worker could never receive medical benefits after reaching maximum improvement, as the Commission had there concluded. Instead, we held that a worker could not both be in need of treatment to *improve* a condition and also be at maximum medical recovery. Here, we are concerned with medical treatment necessary to keep claimant's condition stable and which was apparently foreseeable at the time of the final award. Thus, *Grover* does not require a denial of medical benefits here.

### III.

We express no opinion as to whether, absent an agreement, this is the type of case which would have warranted open medical benefits. However, once such an agreement is made, or if a similar order is entered, we conclude that the payment of medical expenses must remain open until the carrier files a petition under § 8–53–113 to "end or diminish" medical benefits. Such action was not taken here. Therefore, the claim for medical benefits remains open, and claimant was entitled to seek additional medical benefits.

Respondents' request for attorney fees for a frivolous or groundless appeal is denied.

The order is set aside and the cause is remanded for further proceedings consistent with this opinion.

VAN CISE, J., concurs.

CRISWELL, J., specially concurs.

CRISWELL, Judge, specially concurring.

Since I consider the result reached by the majority to be correct, I concur, generally, with Parts II and III of the majority opinion. I write separately, however, because I am not positive of the soundness of either *Pinkard Construction Co. v. Industrial Commission*, 694 P.2d 858 (Colo.App.1984) or *Grover v. Industrial Commission*, 739 P.2d 900 (Colo.App.1987).

In my view, § 8–53–113, C.R.S. (1986 Repl. Vol. 3B), which requires a petition to reopen a claim to be filed in order to *end* or *diminish* medical benefits, contemplates that such benefits as may be necessary to "relieve from the effects of the injury," § 8–49–101(1)(a), C.R.S. (1986 Repl. Vol. 3B), shall continue to be provided beyond the date that a final order is entered.

Nevertheless, since all members of the division agree that the special circumstances portrayed by this record mandate that claimant be provided with further medical benefits without there being an order to reopen, I find no need for either *Pinkard* or *Grover* to be reconsidered here.