Joseph C. DUROCHER, Petitioner and Cross–Appellee,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Department of Revenue, and Colorado Compensation Insurance Authority, Respondents and Cross–Appellants.

Nos. 94CE0024, 94CE0025.

Colorado Court of Appeals, Div. IV.

May 18, 1995.

Rehearing Denied July 6, 1995.

Certiorari Granted Oct. 30, 1995.

Gerlach & Weddell, P.C., Dale A. Gerlach, Colorado Springs, for petitioner and cross-appellee.

Carolyn A. Boyd, Michael J. Steiner, Curt Kriksciun, Denver, for respondents and cross-appellants, Dept. of Revenue and Colorado Compensation Ins. Authority.

Opinion by Judge NEY.

Joseph C. Durocher (claimant) seeks review of the decision of the Industrial Claim Appeals Panel (panel) which allowed Colorado Department of Revenue and Colorado Compensation Insurance Authority (collectively CCIA) to offset claimant's receipt of Public Employees Retirement Association (PERA) disability benefits against claimant's medical impairment benefits. CCIA on cross appeal contends the panel erred in determining all effects of an industrial injury are to be rated in accordance with § 8–42–107(8)(c), C.R.S. (1994 Cum.Supp.) when it is determined that the injury caused at least one

impairment measured as a whole person. We affirm the Panel's order.

Claimant sustained admitted compensable injuries to his lower back, hip, and knee. The Administrative Law Judge (ALJ) found that the treating physician rated claimant's impairment from the lower back and hip injuries as 25% of the whole body and that claimant's injury to the right knee amounted to 2% impairment to the whole person which was adopted in the 25% impairment rating. The ALJ also allowed CCIA to offset the medical impairment benefits by the claimant's receipt of PERA disability benefits.

Claimant then filed a petition to review, and the panel modified the ALJ's order to award payment of medical impairment benefits based upon a whole person impairment of 27% for claimant's injuries. The panel determined that when a claimant suffers one or more impairments which do not appear as scheduled losses pursuant to § 8–42–107(2), C.R.S. (1994 Cum.Supp.), the claimant is entitled to have his total impairment from a single industrial accident measured as impairment of the whole body, and accordingly, is entitled to be compensated in accordance with § 8–42–107(8), C.R.S. (1994 Cum.Supp.). The panel further agreed that CCIA was entitled to an offset for PERA benefits received by claimant as provided by § 8–42–103(1)(d), C.R.S. (1994 Cum.Supp.).

■ Claimant now repeats his argument that the ALJ and the panel erred in allowing CCIA to offset its liability for the medical impairment benefits by his receipt of PERA disability benefits. Claimant argues that the provisions of Colo.Sess.Laws 1991, ch. 219, § 8–42–107 operated to repeal "permanent partial disability benefits" and replace them with "medical impairment benefits." Claimant concludes that because § 8–42–103(1)(d) does not expressly state that "medical impairment benefits" are susceptible to an offset for disability benefits payable to an employee under the provisions of a disability plan financed in whole or in part by the employer, the statute thus does not contemplate an offset against medical impairment benefits. We disagree.

The statutory language currently codified as § 8–42–103(1)(d)(I), C.R.S. (1994 Cum. Supp.) provides that:

In cases where it is determined that periodic disability benefits are payable to an employee under the provisions of a pension or disability plan financed in whole or in part by the employer, hereinafter called "employer pension or disability plan", the aggregate benefits payable for temporary total disability, temporary partial disability, permanent partial disability, and permanent total disability pursuant to this section shall be reduced, but not below zero, by an amount equal as nearly as practical to such employer pension or disability plan benefits....

The statutory language is clear and unambiguous and consequently not subject to construction. *State Compensation Insurance Fund v. Velasquez*, 628 P.2d 190 (Colo.App. 1981). According to its plain meaning, § 8–42–103(1)(d)(I) mandates an offset against benefits paid for permanent partial disability, and the offset is intended to prevent duplication of benefits financed by the employer for the same industrial disability. *See Colorado Department of Highways v. Sparling*, 821 P.2d 780 (Colo.1991).

Prior to July 1, 1991, the benefits payable for permanent partial disability were set forth in Colo.Sess.Laws 1990, ch. 62, § 8–42–110. That statutory provision, was captioned "Permanent partial disability—how determined." In 1991, the General Assembly repealed that provision, effective July 1, 1991, and replaced it with the provision now codified (with amendments) as § 8–42–107, C.R.S. (1994 Cum.Supp.) which provides two distinct formulas for calculating benefits.

The new section is captioned "Permanent partial disability benefits—schedule—medical impairment benefits—how determined." This section thus expressly categorizes permanent partial disability benefits as compensation for either "scheduled injuries" or "medical impairment." *See Duran v. Industrial Claim Appeals Office*, 883 P.2d 477 (Colo.1994). Consequently, medical impairment benefits are a form of permanent partial disability benefits under the statute applicable here.

Accordingly, within the context of § 8–42–103(1)(d), the statutory offset against perma-

**6**

nent partial disability benefits includes medical impairment benefits, and thus, the ALJ's and the Panel's determinations that an offset is allowable are correct.

On cross-appeal, CCIA argues that the panel erred in awarding claimant a 27% medical impairment rating, and contends that, pursuant to § 8–42–107(1), C.R.S. (1994 Cum.Supp.), claimant is limited to a 5% scheduled impairment for the injury to his knee and to a 25% medical impairment for injuries to the back and hip as provided by § 8–42–107(8).

*Mountain City Meat Co. v. Industrial Claim Appeals Office*, 904 P.2d 1333 (Colo. App.1995) is dispositive of this issue. There, a division of this court held that § 8–42–107(1) contemplates that an injury may result in one or more permanent medical impairments and directs compensation pursuant to § 8–42–107(8) for the losses when those losses result from a single injury. Thus, scheduled and non-scheduled losses are intended to, and shall be, compensated jointly when they arise from a single industrial accident.

The order is affirmed.

PLANK and RULAND, JJ., concur.