**Robert E. RAY, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Bayless & Bayless, Inc., and Colorado Compensation Insurance Authority, Respondents.**

**No. 95CA1215.**

Colorado Court of Appeals,
Div. II.

Jan. 25, 1996.

Rehearing Denied Feb. 22, 1996.

Certiorari Denied Aug. 5, 1996.

Michael W. Seckar, Pueblo, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Curt Kriksciun, Colorado Compensation Insurance Authority, Denver, for Respondents Bayless & Bayless, Inc. and Colorado Compensation Insurance Authority.

Opinion by Judge PLANK.

In this workers' compensation case, petitioner, Robert E. Ray (claimant), seeks review of a final order of the Industrial Claim Appeals Panel (Panel) which affirmed an order of the Administrative Law Judge (ALJ) allowing respondents Colorado Compensation Insurance Authority and Bayless & Bayless (collectively CCIA) to offset part of claimant's social security disability benefits against his permanent partial disability benefits. We affirm.

Following a hearing on claimant's permanent disability claim, the ALJ awarded claimant medical impairment benefits based on a 35% impairment of the whole person pursuant to § 8–42–107(8), C.R.S. (1995 Cum. Supp.) and allowed CCIA to offset the claimant's social security disability benefits against his medical impairment benefits pursuant to § 8–42–103(1)(c)(I), C.R.S. (1995 Cum.Supp.). Claimant appealed the ALJ's order insofar as it allowed an offset and the Panel affirmed. This appeal followed.

Claimant contends that the Panel erred in allowing the offset against his medical impairment benefits for his social security disability benefits. He argues that "medical impairment benefits" payable under § 8–42–107(8) are not encompassed within the scope of "permanent partial disability benefits" for purposes of the statutory offset in § 8–42–103(1)(c)(I). We disagree.

Section 8–42–103, C.R.S. (1995 Cum.Supp.) provides for offsets against workers' compensation disability awards for disability benefits a claimant receives for other reasons. Specifically, § 8–42–103(1)(c)(I), C.R.S. (1995 Cum.Supp.) provides in pertinent part:

> In cases where it is determined that periodic disability benefits granted by the federal old-age, survivors, and disability insurance act are payable to an individual ... the aggregate benefits payable for temporary total disability, temporary partial disability, permanent partial disability, and permanent total disability pursuant to this section shall be reduced, but not below zero, by an amount equal as nearly as practical to one-half such federal periodic benefits; ...

## I.

Initially, we reject claimant's argument, made in reliance on *State Compensation Insurance Fund v. Velasquez*, 628 P.2d 190 (Colo.App.1981), that because § 8–42–103(1)(c)(I) does not expressly list "medical impairment benefits" payable pursuant to § 8–42–107(8) as being one of the category of benefits subject to the offset for social security disability benefits, the offset may not be applied to them. In *Durocher v. Industrial Claim Appeals Office*, 905 P.2d 4 (Colo.App.

1995) (*cert. granted* October 30, 1995), a division of this court addressed and rejected a similar argument with regard to the offset for PERA benefits provided for in § 8–42–103. *See* § 8–42–103(1)(d), C.R.S. (1995 Cum.Supp.) The division there concluded that "medical impairment benefits" payable under § 8–42–107(8) constitute "permanent partial disability benefits" within the meaning of § 8–42–103(1)(d)(I), C.R.S. (1995 Cum. Supp). Thus, the respondents there were allowed to offset the claimant's PERA disability benefits against their liability for benefits payable under § 8–42–107, C.R.S. (1995 Cum.Supp.).

Contrary to claimant's argument, we see no reason to reconsider the reasoning or conclusions in *Durocher*. We agree with that division's conclusion that "medical impairment benefits" pursuant to § 8–42–107(8) are a form of permanent partial disability benefits. Furthermore, we can see no meaningful distinction between the term "permanent partial disability" as it is used in § 8–42–103(1)(c)(I) concerning the offset for social security disability benefits and that term as it is used in § 8–42–103(1)(d)(I) with regard to the offset for PERA benefits. Therefore, we conclude that medical impairment benefits constitute permanent partial disability benefits within the purview of § 8–42–103(1)(c)(I) and are subject to the offset provided for therein.

## II.

In so concluding, we also reject claimant's argument that, even if medical impairment benefits are a form of "permanent partial disability" benefits pursuant to § 8–42–107, such benefits are different in character and purpose from the "permanent partial disability" benefits referred to in § 8–42–103(1)(c)(I), such that they are not encompassed within the meaning of the latter type of benefits. His argument is as follows.

Prior to July 1, 1991, permanent partial disability benefits were determined pursuant to Colo.Sess.Laws 1990, ch. 62, § 8–42–110 at 493–494. Claimant argues that the July 1991 amendments, Colo.Sess.Laws 1991, ch. 219, § 8–42–107 at 1306–1311, repealed these per-

manent partial disability provisions and replaced them with medical impairment benefits, a new category of benefits found at § 8–42–107(8).

The offset provision concerning social security disability benefits was not amended in 1991. Claimant argues, then, that since the offset provision was not amended, but still refers to permanent partial disability benefits, it must refer to those benefits as they were defined prior to 1991.

In continuing this argument, claimant, relying on *Vail Associates, Inc. v. West,* 692 P.2d 1111 (Colo.1984), asserts that, prior to the 1991 amendments, permanent partial disability referred to "industrial disability or loss of earning capacity and not merely physical impairment or functional disability unrelated to industrial performance." In contrast, he asserts that the medical impairment benefits created by the 1991 amendments only compensate for physical impairment and not loss of earning capacity. Thus, he concludes, even if medical impairment benefits are now a form of permanent partial disability benefits, they serve a different purpose than the permanent partial disability benefits referenced in the § 8–42–103(1)(c)(I) offset provisions and should not be subject to that offset. We are not persuaded.

Even though the ALJ was permitted, prior to the 1991 amendments, to consider many factors in awarding permanent partial disability benefits, *see* Colo.Sess.Laws 1990, ch. 62, § 8–42–110 at 493–494, and § 8–42–107(8) now essentially limits the inquiry to measurable "medical impairment," this does not mean that benefits awarded under § 8–42–107(8) are unrelated to lost earning capacity.

In *Colorado AFL–CIO v. Donlon,* 914 P.2d 396 (Colo.App. 1995), a division of this court determined that payments for permanent partial disability are premised on the loss of the ability to earn wages, *i.e.,* on a loss of claimant's earning capacity. The following language from *Donlon* is relevant:

> And, while [the General Assembly] changed the method of calculation, the 1991 amendments did not change the nature of the compensatory goals of the Act.... Although a simplified system, utilizing a mathematical formula rather

than extensive litigation requiring conflicting testimony of experts in various specialized fields, has been adopted for the determination of a claimant's degree of disability, nothing within the amendments suggests that the General Assembly intended to change the nature of the loss for which permanent partial disability benefits are designed to compensate. Whether computed from a statutory schedule or from a formula based upon the AMA schedule, the benefits payable, either temporary or permanent, are intended to compensate a claimant for the extent to which his or her physical impairment impacts upon the claimant's past and future ability to earn wages.

In view of the reasoning in *Donlon,* it is apparent that "medical impairment benefits" awarded under § 8–42–107(8) are a form of permanent partial disability benefits designed to compensate for loss of earning capacity. Thus, we are unpersuaded by claimant's argument that the "medical impairment benefits" provided for in § 8–42–107(8) serve a different purpose than the "permanent partial disability benefits" referenced in § 8–42–103(1)(c)(I).

The Panel's order is affirmed.

HUME and MARQUEZ, JJ., concur.