**LENCO LEASING COMPANY, and State Compensation Insurance Fund, Petitioners,**

v.

**Lorita Mae O'DELL, claimant in the Matter of the Death of Ronald R. O'Dell, and The Industrial Commission of the State of Colorado, Respondents.**

**No. 84CA0622.**

Colorado Court of Appeals, Div. II.

June 20, 1985.

Paul Tochtrop, Denver, for petitioners.

Stacy R. Carpenter, Grand Junction, for respondent Lorita Mae O'Dell.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

SMITH, Judge.

Petitioners, Lenco Leasing Company and the State Compensation Insurance Fund, seek review of a final order of the Industrial Commission awarding the widow and dependent children death benefits based on a wage rate of $12.50 per hour. We affirm.

The pertinent facts are undisputed. The decedent worked a portion of one day for the employer when he was. involved in a fatal accident in the course of his employment. He was working as a truck driver on that date and was paid by the employer at the rate of $7.50 per hour.

Prior to the date of the accident, the employer had discussed employment with the decedent and had offered him a job as a combination truck driver and mechanic with the wage to be $12.50 per hour. However, the decedent had been laid off from his previous employment, and he did not expressly accept employer's offer.

The employer testified that he filled out the accident report form for the State Compensation Insurance Fund quickly and filled in $7.50 per hour for wages for the date decedent worked because his other truck drivers were paid $7.50 per hour. However, the employer further testified that he intended to pay decedent $12.50 per hour and would have paid decedent that amount had decedent lived and continued working for employer.

The Industrial Commission found that the decedent had not expressly accepted employment but that he did "assume the duties of the employment and, therefore, there was an implied contract of hire." Section 8-47-101(2), C.R.S. (1984 Cum. Supp.) states that wages "shall be construed to mean the money rate at which the services rendered are recompensed under the contract of hire in force at the time of the injury, either express or implied...." Relying upon that provision, the Commission concluded that the decedent's wages were $12.50 per hour under the implied contract in force at the time of injury. The award was consequently based on that wage rate.

Petitioners contend that the Industrial Commission erred in concluding that § 8-47-101(2) included wages to be received subsequent to the date of injury. We disagree.

Here, the Commission correctly found that there was an implied contract in force at the time of injury under which contract claimant was to be paid at the rate of $12.50 per hour. The fact that claimant was after the fact paid at the rate of $7.50 per hour was only one factor to be taken into consideration, and the employer admitted that claimant's job offer called for wages of $12.50 per hour. Hence, the findings of the Industrial Commission are supported by substantial evidence and are, thus, binding on review. *Casa Bonita Restaurant v. Industrial Commission*, 624 P.2d 1340 (Colo.App.1981).

Order affirmed.

KELLY and METZGER, JJ., concur.