**DRYWALL PRODUCTS and Nationwide Insurance Company, Petitioners,**

v.

**Gregory CONSTUBLE and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 90CA1444.**

Colorado Court of Appeals,
Div. I.

Aug. 29, 1991.

Rehearing Denied Nov. 7, 1991.

Certiorari Denied April 13, 1992.

Retherford, Mullen, Rector & Johnson, Michael R. Waters, Colorado Springs, for petitioners.

Steven U. Mullens, P.C., Steven U. Mullens and Pamela J. Adams, Pueblo, for respondent Gregory Constuble.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and Paul H. Chan, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Paul Tochtrop, Denver, for amicus curiae Colorado Defense Lawyers Ass'n and Colorado Compensation Ins. Authority.

Opinion by Judge SILVERSTEIN [*].

Petitioners, Drywall Products (employer) and Nationwide Insurance Company, seek review of a final order of the Industrial Claim Appeals Panel determining that Gregory Constuble (claimant) was entitled to permanent total disability benefits based on an average weekly wage of $448.53. We affirm.

Claimant, who was employed as a driver and stocker, sustained an admitted industrial injury to his back in September 1987. At the time of the injury, claimant had worked for employer for less than two months and was initially paid $4.00 per hour. During the last week or so before the injury, however, he was paid on a piecework basis.

The Administrative Law Judge (ALJ) determined claimant's anticipated average weekly wage using the piecework rate applied to his contract for ten to twelve hours

---

[*] Sitting by assignment of the Chief Justice under provisions of the Colo.Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

per day and five days per week. Accordingly, claimant was awarded benefits based on an average weekly wage of $448.53.

Claimant was unable to return to his regular duties, and employer did not offer to provide claimant with a modified position or vocational rehabilitation. Since claimant's physicians and vocational counselor recommended vocational rehabilitation, the ALJ determined that petitioners' failure to provide these services effectively rendered claimant permanently and totally disabled. The Panel affirmed both the award of permanent total disability benefits and the calculation of the average weekly wage.

## I.

■ Petitioners contend that the Panel improperly calculated claimant's average weekly wage based upon anticipated earnings rather than past earnings. We disagree.

■ A claimant's average weekly wage is to be determined according to the contract of hire in force at the time of the injury. *See* § 8–47–101(2), C.R.S. (1986 Repl.Vol. 3B) (now codified at § 8–40–201(19), C.R.S. (1990 Cum.Supp.)); *Lenco Leasing Co. v. O'Dell*, 704 P.2d 329 (Colo. App.1985).

■ When an employee is paid on a piecework basis, the average wage is generally determined by computing the average amount earned per pay period over the year preceding the injury. Section 8–47–101(3)(e), C.R.S. (1986 Repl.Vol. 3B) (now codified at § 8–42–102(2)(e), C.R.S. (1990 Cum.Supp.)). However, when this method will not render a fair computation of wages, the ALJ is empowered to use some other method to determine a fair average weekly wage. Section 8–47–101(4), C.R.S. (1986 Repl.Vol. 3B) (now codified at § 8–42–102(3), C.R.S. (1990 Cum.Supp.)); *Dugan v. Industrial Commission*, 690 P.2d 267 (Colo.App.1984).

Here, the ALJ relied upon evidence that claimant's contract contemplated ten to twelve hours per day for five days per week on a piecework basis. Since claimant had worked on a piecework basis for such a short period of time, the ALJ was justified in using an alternate method to compute claimant's average weekly wage rather than the piecework method set forth in § 8–42–102(2)(e), C.R.S. (1990 Cum.Supp.). This determination is supported by substantial evidence, and therefore, the order cannot be disturbed on review. Section 8–43–308, C.R.S. (1990 Cum.Supp.).

## II.

■ Petitioners argue that the ALJ applied the converse of the statute then in effect, now codified at § 8–42–111(3), C.R.S. (1990 Cum.Supp.), and that therefore the award of benefits for permanent total disability was improper. We disagree.

Here, the ALJ determined that claimant was unable to perform any work that he was capable of performing before his injury. The medical providers recommended vocational rehabilitation for claimant, which employer refused to provide. Therefore, the record fully supports the conclusion that claimant was permanently totally disabled.

Section 8–42–111(3), the statute on which petitioners rely, provides that:

"A totally disabled employee capable of rehabilitation to suitable gainful employment who refuses ... an offer of vocational rehabilitation paid for by the employer shall not be awarded permanent total disability."

This provision does not become applicable until there is a determination that a totally disabled claimant refused an employer's offer of vocational rehabilitation. Unless such an offer is made and the claimant refuses it, the claimant is entitled to full payment. Since there was no tender and refusal here, the Panel's order stands.

■ The ALJ has broad discretion in determining permanent total disability and may consider the same statutory factors used in determining permanent partial disability, including the manifest weight of the evidence and the claimant's general physical condition. *Casa Bonita Restaurant v. Industrial Commission*, 624 P.2d 1340 (Colo.App.1981); *see* § 8–42–110(1)(b),

C.R.S. (1990 Cum.Supp.). It is presumed that the ALJ considered and gave due weight to these factors. *Dravo Corp. v. Industrial Commission*, 40 Colo.App. 57, 569 P.2d 345 (1977). Here, we agree with the Panel that the ALJ properly exercised his discretion in determining that claimant is permanently and totally disabled.

Contrary to petitioners' argument, we do not find any ambiguity in § 8–42–111(3). Accordingly, we find it unnecessary to resort to the interpretive rules of statutory construction. *Griffin v. S.W. Devanney & Co.*, 775 P.2d 555 (Colo.1989).

The order of the Panel is affirmed.

PIERCE and MARQUEZ, JJ., concur.