Maria VIGIL, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Coates, Reid & Waldron, Colorado Compensation Insurance Authority, and Director, Division of Labor, Department of Labor and Employment, Respondents.

No. 91CA0934.

Colorado Court of Appeals, Div. V.

May 7, 1992.

Rehearing Denied July 16, 1992.

Certiorari Granted Nov. 23, 1992.

**336**

Withers, Seidman & Rice, P.C., Gudrun Rice, Grand Junction, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jeanne Labuda, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Director, Div. of Labor.

Paul Tochtrop, Denver, for respondents Coates, Reid & Waldron and Colorado Compensation Ins. Authority.

Opinion by Chief Judge STERNBERG.

In this workers' compensation case, Maria Vigil (claimant) petitions for review of a final order of the Industrial Claim Appeals Panel determining that she is not entitled to concurrent permanent partial and permanent total disability benefits. We set aside the order and remand for a recomputation of benefits.

Claimant sustained an industrial injury in 1987 while working as a maid and housekeeper for Coates, Reid & Waldron (employer). Her injuries prevented her from working in the same position, so she returned to work in employer's laundry, where her average weekly wage was less than that in her previous position. In 1988, she sustained a second industrial injury while working in the laundry, and the Administrative Law Judge (ALJ) awarded her permanent total disability benefits based on her average weekly wage at the time of her second injury. The Panel affirmed.

Claimant contends that she is entitled to receive permanent partial disability benefits for her first injury in addition to permanent total disability benefits. While we disagree that claimant is entitled to concurrent permanent partial and permanent total disability benefits, we nonetheless agree with her alternative argument that her benefits should be computed differently.

■ As the Panel correctly found, an injured worker with successive injuries may not receive permanent partial disability benefits once payment of permanent total disability benefits commences. *Kehm v. Continental Grain*, 756 P.2d 381 (Colo. App.1987). Accordingly, the specific remedy requested by claimant is unavailable.

However, the General Assembly has given the ALJ substantial discretion to fashion an equitable method of computing an injured employee's average weekly wage when awarding benefits. Generally, the average weekly wage is calculated upon the employee's wage at the time of the injury. Section 8–47–101(2) and (3), C.R.S. (1986 Repl.Vol. 3B) (now codified at §§ 8–40–201(19) and 8–42–102(2), C.R.S. (1991 Cum.Supp.)); *Drywall Products v. Constuble*, 832 P.2d 957 (Colo.App.1991). Nevertheless, if for any reason this general method will not render a fair computation of wages, the ALJ is empowered to use

some other method to determine a fair average weekly wage. Section 8–47–101(4), C.R.S. (1986 Repl.Vol. 3B) (now codified at § 8–42–102(3), C.R.S. (1991 Cum.Supp.)); *Drywall Products v. Constuble, supra.*

■ The unique factual situation presented here demonstrates that the standard method of determining claimant's average weekly wage was unfair. First, claimant's earnings at the time of her first injury were much higher than at the time of her second injury. Secondly, the ALJ specifically found that the bulk of claimant's permanent total disability was attributable to the first injury. Third, claimant reached maximum medical improvement as to both injuries at the same time, which prevented her from receiving permanent partial disability benefits for her first injury. These factors demonstrate that the computation of claimant's permanent total disability based on her average weekly wage at the time of her second injury did not fully compensate claimant for her industrial injuries. We note also that both injuries were sustained while the claimant was working for the same employer. We conclude, therefore, that claimant will be more fairly compensated by basing her benefits on her average weekly wage at the time of her first injury.

In reaching this conclusion, we are not unmindful of § 8–47–102(1), C.R.S. (1986 Repl.Vol. 3B) (now codified with changes at § 8–42–104(1), C.R.S. (1991 Cum.Supp.)) which provides that, in determining compensation for a later injury, a sum which reasonably represents the employee's average weekly earning capacity *at the time of the later injury* shall be used. However, this section is specifically subject to the limitations in § 8–47–101. Therefore, under the circumstances of this case, the panel abused its discretion in not applying § 8–47–101(4) in computing the claimants average weekly wage. Application of that statute provides a method of computation of the benefit that ameliorates the harsh outcome reached by the Panel.

The order of the Panel is set aside, and the cause is remanded to the Panel with directions to remand to the ALJ to recompute claimant's permanent total disability benefits using her average weekly wage in effect at the time of her first injury.

NEY and ENOCH *, JJ., concur.