PLATTE VALLEY LUMBER, INC. and Colorado Compensation Insurance Authority, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Jan L. Snider, Respondents.

No. 93CE0008.

Colorado Court of Appeals, Div. IV.

Feb. 10, 1994.

Paul Tochtrop, Denver, for petitioners.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

No appearance for respondent Jan L. Snider.

Opinion by Chief Judge STERNBERG.

On petition of the employer, Platte Valley Lumber, Inc., insured at the time of the injury in question by the Colorado Compensation Insurance Authority (CCIA), we granted certiorari to consider whether the 1991 statutory amendments set out in § 8–42–104(1), C.R.S. (1993 Cum.Supp.), render *Vigil v. Industrial Claim Appeals Office*, 841 P.2d 335 (Colo.App.1992), *aff'd in part and rev'd in part*, 856 P.2d 850 (Colo.1993), inapplicable to this case. We conclude that the amendments require that benefits be based upon the average weekly wage at the time of the later injury, and therefore, we set aside the Panel's order.

Claimant, Jan L. Snider, was first injured in March 1991 when the employer was not insured. After back surgery, she returned to work on restricted duty at fewer hours. However, she aggravated her back condition on April 15, 1992, when the employer was insured by CCIA.

The Administrative Law Judge (ALJ) awarded claimant temporary total disability benefits for the April 1992 aggravation based upon claimant's higher average weekly wage at the time of the 1991 injury, rather than on her reduced wages at the time of the April 1992 aggravation. Relying on this court's decision in *Vigil v. Industrial Claim Appeals Office, supra*, the Industrial Claim Appeals Panel affirmed the award of wages based upon the earlier and higher average weekly wage.

The CCIA contends that *Vigil* is not dispositive because the 1991 version of the pertinent statutory provisions, in effect at the time of claimant's later injury, removed consideration of a claimant's impaired "earning capacity" from the Workers' Compensation Act and therefore requires that a claimant's wages at the time of the later injury be used in calculating disability payments. We agree.

In *Vigil*, the claimant sustained multiple injuries while working for the same employer and sustained the second injury while her weekly average wage was less than it had been at the time of the first injury. A division of this court determined that several factors demonstrated that the computation of claimant's permanent total disability based upon her average weekly wage at the time of the second injury would not fully compensate her for the industrial injuries. The supreme court agreed, but remanded the matter to the ALJ to exercise discretion to recompute the claimant's average weekly wage.

*Vigil* was predicated upon the fact that § 8–47–102(1), C.R.S. (1986 Repl.Vol. 3B) allowed the ALJ to exercise discretion to compute the average weekly wage of the employee in such other manner and by such other method as will fairly determine such employee's average weekly wage.

However, the statute there construed is now codified in amended form as § 8–42–104(1), C.R.S. (1993 Cum.Supp.) and reads as follows:

> The fact that an employee has suffered a previous disability or received compensation therefor shall not preclude compensation for a later injury or for death, but in determining compensation benefits payable for the later injury, permanent total disability, or death, *the employee's average weekly earnings at the time of the later injury shall be used in determining the compensation payable to the employee or such employee's dependents.* Notwithstanding any other provision of articles 40 to 47 of this title, no claimant may receive concurrent permanent total disability awards from injuries occurring in this state or in any other state. (emphasis added)

 A court's primary task in construing a statute is to ascertain and implement the intent of the General Assembly. To discern intent, we look first to the language of the statute, giving effect to the ordinary meaning of the words and phrases used. *Holme, Roberts & Owen v. Industrial Claim Appeals Office,* 800 P.2d 1332 (Colo.App. 1990). When a statute is amended, it is presumed that the General Assembly intended to change the law. *Commercial Federal Savings & Loan Ass'n v. Douglas County Board of Equalization,* 867 P.2d 17 (Colo. App.1993).

Here, the General Assembly removed the language, present in § 8–47–102(1), which based benefits upon a claimant's earning capacity and which expressly subjected such determination to the limitations of § 8–47–101, C.R.S. (1986 Repl.Vol. 3B). Therefore, we must presume that the General Assembly intended to change the prior law reflected in *Vigil* and to require that benefits payable to a disabled employee for a later injury be based upon the employee's average weekly wage at the time of the later injury.

In reaching this conclusion, we note that § 8–51–103, C.R.S. (1986 Repl.Vol. 3B) (now codified at § 8–42–106, C.R.S. (1993 Cum. Supp.)), regarding temporary partial disability, was also amended in 1991 to require that such benefits be based not on the impairment of earning capacity, but on the difference between the employee's average weekly wage at the time of the injury and during the continuance of the temporary partial disability. This change is consistent with the change reflected in the statute now found at § 8–42–104(1).

The Panel's order is set aside, and the cause is remanded to the Panel for further remand to the ALJ with instructions to recalculate temporary partial benefits for the claimant's later injury based upon her average weekly wage at the time of such injury.

JONES and RULAND, JJ., concur.