**Charles McGRATH, Director of the Division of Labor, Petitioner,**

**v.**

**INDUSTRIAL COMMISSION of the State of Colorado; Harvey B. Cochran, Hearing Officer; Marjorie Gonzales; University of Southern Colorado; and State Compensation Insurance Fund, Respondents.**

**DIRECTOR, DIVISION OF LABOR, on Behalf of the SUBSEQUENT INJURY FUND, Petitioner,**

**v.**

**DeLos FULKS; Montezuma County Hospital District; State Compensation Insurance Fund; and Industrial Commission of the State of Colorado, Respondents.**

**DIRECTOR, DIVISION OF LABOR, on Behalf of the SUBSEQUENT INJURY FUND, Petitioner,**

**v.**

**Fred J. DAWSON; Skyland Food Corp.; State Compensation Insurance Fund; and Industrial Commission of the State of Colorado, Respondents.**

**DIRECTOR, DIVISION OF LABOR, on Behalf of the SUBSEQUENT INJURY FUND, Petitioner,**

**v.**

**Donald STAHLY; Western Slope Carbon; Old Republican Insurance Company; and Industrial Commission of the State of Colorado, Respondents.**

**Nos. 84CA0715, 84CA1200, 84CA1270 and 84CA1272.**

Colorado Court of Appeals, Div. I.

July 25, 1985.

Rehearings Denied Aug. 29, 1985.

Certiorari Denied Nov. 29, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Edward R. Martinez, Regional Asst. Atty. Gen. (Grand Junction), Denver, for petitioner Charles McGrath, Director, Div. of Labor.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., James R. Riley, Jr., Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Harvey B. Cochran, Hearing Officer.

Edward J. Scheunemann, Denver, for respondent Marjorie Gonzales.

Russell A. Stanley, Paul F. Tochtrop, William J. Baum, Denver, for respondents State Compensation Ins. Fund, University of Southern Colorado, Montezuma County Hosp. Dist., Skyland Food Corp.

Dawes & Crane, P.C., Robert C. Dawes, Durango, for respondent DeLos Fulks.

Withers & Seidman, P.C., Charles E. Withers, Grand Junction, for respondent Fred J. Dawson.

Elder, Phillips, Daniel & Phillips, Walter J. Phillips, Grand Junction, for respondents Western Slope Carbon and Old Republican Ins. Co.

No appearance for respondent Donald Stahly.

PIERCE, Judge.

In this consolidated action, petitioner, the Director of the Division of Labor on behalf of the Subsequent Injury Fund (S.I.F.), seeks review of final orders of the Industrial Commission limiting the liability of the last employer of permanently and totally disabled claimants to $26,292. We set aside the orders.

In each of the four cases consolidated for review, the hearing officer determined that the claimant had suffered permanent partial disability as a result of an industrial accident while employed by the most recent employer, and that this permanent partial disability together with the claimant's pre-existing work-related permanent partial disability rendered the claimant permanently and totally disabled.

In each case, the hearing officer determined that under § 8–51–106(1)(a), C.R.S. (1984 Cum.Supp.) the last employer was liable only for that portion of the claimant's permanent total disability attributable to the subsequent injury. In *Director v. Fulks* (Fulks case), *Director v. Stahly* (Stahly case), and *Director v. Dawson* (Dawson case), the portion of the claimant's disability attributable to the subsequent injury was found to be 50 percent. In *McGrath v. Industrial Commission* (Gonzales case), the claimant's disability was found to be 20 percent attributable to the subsequent injury.

The hearing officer found in each case that the $26,292 limit on benefits payable for permanent partial disability set forth in § 8–51–108(1)(b), C.R.S. (1984 Cum.Supp.) was inapplicable to permanent total disability benefits. In two of the cases, the Fulks case and the Stahly case, the hearing officer ordered that the employer and the S.I.F. each pay half the benefits to which the claimant was entitled under § 8–51–107(1), C.R.S., concurrently for the duration of the claimant's life. In the Gonzales case the employer was ordered to pay 20 percent of the § 8–51–107(1) amount, and the S.I.F. the remainder, again concurrently for the life of the claimant. In the Dawson case, however, the hearing officer calculated the employer's liability by taking one half of the § 8–51–107 rate times the claimant's life expectancy. The hearing officer then ordered the employer to pay the full § 8–51–107 rate until its entire liability was paid and the S.I.F. thereafter to pay benefits to claimant for the remainder of his life. In each case the Industrial Commission set aside the award, finding that the $26,292 limit set forth in § 8–51–108(1)(b), C.R.S. (1984 Cum.Supp.), was applicable to a subsequent employer's liability.

On review, the S.I.F. contends that the Commission erred in determining that § 8–51–108(1) is applicable to cases coming within the ambit of § 8–51–106(1)(a), C.R.S. (1984 Cum.Supp.). We agree.

Section 8–51–106(1)(a), C.R.S. (1984 Cum. Supp.) provides as follows:

"In a case where an employee has previously sustained permanent partial industrial disability and in a subsequent injury sustains additional permanent partial industrial disability and it is shown that the combined industrial disabilities render the employee permanently and totally incapable of steady gainful employment and incapable of rehabilitation to steady gainful employment, then the employer in whose employ the employee sustained such subsequent injury shall be liable only for that portion of the employee's industrial disability attributable to said subsequent injury, and the balance of compensation due such employee on account of permanent total disability shall be paid from the subsequent injury fund as is provided in this section."

The purpose of the S.I.F. is to provide partially disabled workers with added opportunity for employment by relieving subsequent employers of full liability for total permanent disability which might result from a subsequent injury. *City & County of Denver v. Industrial Commission*, 690 P.2d 199 (Colo.1984); *Horizon Land Corp. v. Industrial Commission*, 34 Colo.App. 178, 524 P.2d 638 (1974).

Section 8–51–108(1)(b), C.R.S. (1984 Cum. Supp.) sets forth the criteria for determining permanent partial disability and imposes a $26,292 limit on the employer's liability for such disability. Section 8–51–108(1)(a), C.R.S. (1984 Cum.Supp.), however, excludes "injuries specifically covered by sections 8–51–104 to 8–51–106" from compensation under § 8–51–108.

Not only does § 8–51–108 expressly except § 8–51–106 from its effect, but also by its express terms, it applies only to permanent partial disability benefits. Section 8–51–106(1)(a), by contrast, provides that a subsequent employer is liable for "that portion of the employee's industrial disability attributable to [the] subsequent injury." The antecedent of the phrase "employee's industrial disability" is the "combined in-

dustrial disabilities [which] render the employee permanently and totally incapable of steady gainful employment." The effect of § 8–51–106 is thus to provide a scheme for apportioning the permanent *total* disability to which claimant is entitled under § 8–51–107(1), C.R.S. *See City & County of Denver v. Industrial Commission, supra.*

 Under the statutory design, the employer is liable not for the permanent partial disability sustained by the claimant at his last employment, but rather for that portion of the permanent total disability resulting from the subsequent injury. Accordingly, the provisions of § 8–51–108, which concern only permanent *partial* disability, are inapplicable, and the Commission erred in ruling that the § 8–51–108(1)(b) limitation was applicable in cases within the scope of § 8–51–106(1)(a).

As to the Fulks, Gonzales, and Stahly cases, the orders of the Commission are set aside and the causes are remanded for reinstatement of the orders of the hearing officers. As to the Dawson case, in which the hearing officer found the employer liable for a fixed amount based upon the claimant's life expectancy, we note that under § 8–51–107(1) liability for permanent total disability "shall continue until death." The order in that case therefore is set aside and the cause is remanded for entry of a new order imposing concurrent liability upon the S.I.F. and the employer for 50 percent of the amount provided for under § 8–51–107(1) to continue for the life of the claimant.

VAN CISE and STERNBERG, JJ., concur.