**DENNY'S RESTAURANT, INC.,**
**self-insured, Petitioner,**

**v.**

**Robert J. HUSSON, Director of the Division of Labor, the Industrial Claim Appeals Office of the State of Colorado, and Allen D. Dietz, Respondents.**

No. 87CA0186.

Colorado Court of Appeals,
Div. II.

Sept. 10, 1987.

Rehearing Denied Oct. 8, 1987.

Watson, Nathan & Bremer, P.C., Mark H. Dumm, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondents Robert J. Husson and The Industrial Claim Appeals Office.

Candelaria & Spitzer, Daniel G. Spitzer, Durango, for respondent Allen D. Dietz.

SMITH, Judge.

Petitioner, Denny's Restaurant, Inc., seeks review of a final order of the Industrial Claim Appeals Office (Panel) in which it ruled, contrary to the order of a hearing officer, that petitioner had waived any objection to medical treatment sought by claimant on his own volition and was thus liable for the expenses incurred. The Panel also determined that the hearing officer's denial of temporary total disability benefits was not supported by substantial evidence. We affirm.

### I.

Claimant sustained an industrial injury for which petitioner did not tender medical care. Claimant, on his own initiative, immediately sought medical treatment at a hospital emergency room. He was thereafter referred to a private physician for follow-up care. Claimant became dissatisfied with that doctor and consulted another physician. He did not receive authorization from petitioner or the Division of Labor to seek treatment from the second physician, nor was he referred to him by either the emergency room personnel or the initial physician.

Thereafter, Scott Wetzel Services, Inc. (Wetzel), an adjusting agent appointed by petitioner, advised claimant that the second physician's treatment was considered unauthorized. Claimant then wrote to petitioner requesting that he be permitted to consult that doctor. Petitioner did not respond. Subsequently, the second doctor's bills were paid by petitioner. However, petitioner asserted that the payments were made by mistake and requested adjudication of the issue of unauthorized treatment because future expenses were anticipated.

The pertinent statute, § 8–51–110(5)(a), C.R.S. (1986 Repl. Vol. 3B) provides:

"In all cases of injury, *the employer or insurer* has the right in the first instance to select the physician who attends said injured employee. If the services of a physician are not tendered at the time of injury, the employee shall have the right to select his own physician or chiropractor. Upon written request to

the *employer or insurance carrier,* the employee may procure written permission to have his own physician or chiropractor attend him. If such permission is neither granted nor refused within fifteen days, *the employer or insurance carrier* shall be deemed to have waived any objection thereto...." (emphasis added)

The hearing officer determined that, although claimant's request to petitioner went unanswered, petitioner was not liable for the second doctor's charges. The hearing officer construed § 8–51–110(5)(a), C.R.S. (1986 Repl. Vol. 3B) to require claimant to request authorization from Wetzel, as insurer, and not from petitioner. The hearing officer held that the clear intent of the statute was that the worker request permission from the employer only if the employer is not insured or is self-insured. Since claimant had failed to comply with this procedure, the hearing officer concluded petitioner was not liable.

 The Panel disagreed with the hearing officer's interpretation of the statute. It concluded that the statute permitted claimant to request permission from either petitioner or Wetzel as insurer and does not restrict the request to the insurer if an employer is separately insured. To buttress this conclusion, the Panel pointed out that while § 8–53–102, C.R.S. (1986 Repl. Vol. 3B) specifically restricts its provisions to the insurer, if an employer is separately insured, § 8–51–110(5)(a) does not. The Panel concluded that since claimant had requested authorization in compliance with § 8–51–110(5)(a) and neither petitioner nor Wetzel had responded, the second doctor's treatment was deemed authorized and petitioner was liable. We agree with the Panel that the second doctor's treatment is authorized pursuant to § 8–51–110(5)(a).

Additionally, we find it significant that Wetzel is not petitioner's insurer. Petitioner admits in its notice of appeal and brief that it is self-insured and that Wetzel is merely its claims resolution agent. There is no rule or statute which permits an employer to appoint an agent, other than an insurer, and unilaterally vest it with the rights and responsibilities assigned either to employers or insurers by the Workmen's Compensation Act. Insofar as pertinent here, § 8–51–110(5)(a) requires that permission be sought from the employer or insurer. Accordingly, because petitioner had no insurer other than itself, the request to petitioner was sufficient.

## II.

We also agree with the Panel that the hearing officer erred in disallowing temporary disability benefits. The hearing officer's order is unsupported by substantial evidence and is not in accord with applicable law.

The hearing officer noted that although claimant's physician opined that he was disabled during the contested time period, claimant was actively seeking employment at the time. Concluding that claimant was the best judge of his capabilities, the hearing officer found that he was not disabled.

 The Panel set aside this order and held that claimant's employment attempts were not probative. We find no error in this action.

 The right to temporary disability benefits is measured by the degree of wage loss attributable to an industrial injury, not by the degree of physical impairment nor willingness to seek employment. *Eastman Kodak Co. v. Industrial Commission,* 725 P.2d 107 (Colo.App.1986). Thus, the Panel was correct in setting aside the hearing officer's order.

The order is affirmed.

STERNBERG and METZGER, JJ., concur.