Melvin KEHM, Petitioner,

v.

CONTINENTAL GRAIN, Aetna Casualty & Surety Company, the Industrial Claim Appeals Office of the State of Colorado and the Division of Employment and Training, Respondents.

No. 86CA1741.

Colorado Court of Appeals, Div. II.

Nov. 5, 1987.

Rehearing Denied Jan. 7, 1988.

Certiorari Denied June 6, 1988.

Sarney, Trattler & Waitkus, P.C., Terry D. Gordon, Denver, for petitioner.

Benjamin P. Kramer, Denver, for respondents Continental Grain and Aetna Cas. & Sur. Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Division of Employment and Training.

VAN CISE, Judge.

Melvin Kehm (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which awarded him benefits for permanent total disability, but denied additional benefits for permanent partial disability. We affirm in part and set aside in part.

Claimant sustained two compensable injuries, the first in June 1983 and the second in December 1983. He filed separate claims for workmen's compensation benefits; however, the claims were adjudicated in a consolidated fashion at a single hearing.

The Panel concluded that each injury resulted in permanent partial disability, and that the combination of these injuries rendered claimant permanently and totally disabled. Therefore, in accordance with § 8–51–106(1)(a), C.R.S. (1986 Repl.Vol. 3B), the Panel apportioned the payment of permanent total disability benefits between claimant's employer and the Subsequent Injury Fund (SIF). No additional award was made for permanent partial disability resulting from his June 1983 injury.

I.

On review, claimant argues that he was also entitled to a permanent partial

disability award for the first injury. We agree in part.

The Panel concluded that § 8–51–108(1)(a), C.R.S. (1986 Repl.Vol. 3B) specifically precludes a permanent partial disability award in claimant's circumstances. That statute provides:

"Where an accident causes injury resulting in permanent partial disaibility, *except the sustaining of any one of the injuries specifically covered by section 8–51–104 to 8–51–106*, the injured employee shall be deemed permanently disabled from the time he is so declared by the director and from said time shall be entitled to compensation for permanent partial disability in addition to any compensation theretofore allowed." (emphasis added)

The Panel interpreted the emphasized language to mean that since claimant had sustained a second injury which triggered the provisions of § 8–51–106, he could not receive a permanent partial disability award for the first injury. We interpret the statute differently.

We read the statute to qualify the first injury without regard to the subsequent injury. Claimant's first injury, standing alone, is not covered by § 8–51–106. By its own terms, § 8–51–106 concerns "subsequent" as distinguished from "initial" injuries.

We also disagree with the Panel's statement that its order is supported by *McGrath v. Industrial Commission,* 708 P.2d 1382 (Colo.App.1985). In *McGrath* we held that a claimant's *subsequent* injury which is covered by § 8–51–106 does not qualify for a permanent partial disability award. This is so because it is the subsequent injury that, coupled with a previous injury resulting in permanent total disability, triggers the application of § 8–51–106 and is expressly exempted from § 8–51–108. The same is not true in the case of an initial injury. We therefore conclude that claimant is entitled to an award for his permanent partial disability resulting from the first injury from the time he is so declared by the director. *See* § 8–51–108(1)(a).

However, since the undisputed evidence and the Panel's findings show that claimant's disability underwent a change in degree as a result of the later injury and, in combination with such later injury, became a permanent total disability, and since the amount of the award for permanent total is greater than the amount for permanent partial, the award for the initial permanent partial disability should terminate on the commencement date of the permanent total award. *See* § 8–51–108(2).

The purposes underlying this treatment of the two awards are stated in 2 A. Larson, *Workmen's Compensation Law* § 59.41 (1986):

"There is both a theoretical and a practical reason for the holding that awards for successive or concurrent permanent injuries should not take the form of weekly payments higher than the weekly maximum for total disability. The theoretical reason is that, at a given moment in time, a person can be no more than totally disabled. The practical reason is that if he is allowed to draw weekly benefits simultaneously from a permanent total and a permanent partial award, it may be more profitable for him to be disabled than to be well—a situation which compensation law always studiously avoids in order to prevent inducement to malingering."

*See Cabe v. Skeens,* 422 S.W.2d 884 (Ky. 1967); *Benavides v. Edward C. Levy Co.,* 117 Mich.App. 722, 324 N.W.2d 149 (1982).

## II.

■ Respondents Continental Grain (employer) and Aetna Casualty and Surety Company (insurer) argue that this petition for review should be dismissed for failure to join the SIF as an indispensable party. We disagree.

An indispensable party is one in whose absence complete relief cannot be accorded among the remaining parties, or whose ability to protect its interest might be impeded absent joinder, or whose absence might expose the remaining parties to multiple obligations. C.R.C.P. 19.

Here, the SIF's absence does not affect the liability of the remaining parties. Neither does the SIF have an interest nor will its liability be affected by an award or lack of permanent partial disability benefits emanating from the first injury. Rather, the SIF's interest is only triggered by a permanent total disability award and the apportionment of those benefits. These issues are not impacted by this review either directly or indirectly. Thus, we decline the invitation to dismiss the petition.

The part of the Panel's order pertaining to permanent total disability is affirmed. The part rejecting any permanent partial disability award is set aside, and the cause is remanded for an appropriate award consistent with this opinion.

SMITH and KELLY, JJ., concur.