**PIKES PEAK COMMUNITY COLLEGE and Colorado Compensation Insurance Authority, Petitioners,**

v.

**Eva LEONARD, The Industrial Claim Appeals Office of the State of Colorado, and Director, Division of Workers' Compensation, Respondents.**

No. 92CA2062.

Colorado Court of Appeals, Div. IV.

Nov. 4, 1993.

Paul Tochtrop, Denver, for petitioners.

Gerlach & Weddell, P.C., Dale A. Gerlach, Colorado Springs, for respondent Eva Leonard.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Alesia M. McCloud–Chan, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Director, Div. of Workers' Compensation.

Opinion by Judge VAN CISE.*

Petitioners, Pikes Peak Community College (employer) and the Colorado Compensation Insurance Authority, seek review of a final order of the Industrial Claim Appeals Panel determining that they were each liable for 50% of the workers' compensation benefits due Eva Leonard (claimant) for a permanent total disability. We affirm.

The Administrative Law Judge (ALJ) found that claimant had two industrial accidents in 1981 while working for employer. The first, in February 1981, was a head and neck injury which resulted in cognitive deterioration. With record support, the ALJ also found that claimant did not feel the effects of this injury until 1983, and filed a workers' compensation claim in 1984. In the meantime, the second accident, which occurred in June 1981 and resulted in a permanent partial disability of the upper back, had been fully settled in July 1983.

Claimant reached maximum medical improvement from the effects of the June 1981 accident in May 1982, more than a year before she began to feel the effects of the first accident. Permanent total disability as a result of a combination of the cognitive and physical disabilities occurred in December 1983. Thus, the ALJ concluded that the second accident resulted in the first disability, while the first accident resulted in the second and total disability.

The total disability was apportioned equally between the two injuries. Noting that the first accident resulted in the "subsequent injury" as contemplated by § 8–46–101(1)(a), C.R.S. (1993 Cum.Supp.), the ALJ found petitioners liable for the portion of the total disability attributable to this subsequent injury. Thus, petitioners and the Subsequent Injury Fund (SIF) were ordered each to pay one-half of claimant's permanent total disability benefits. The Panel affirmed.

■ Petitioners contend that a "subsequent injury," for purposes of imposing a percentage of liability on an employer for permanent total disability under § 8–46–101(1)(a), should be determined by reference to the date of the accident, rather than the date of the resulting disability. We disagree.

Section 8–46–101(1)(a) provides, *inter alia,* that:

> [i]n a case where an employee has *previously sustained* permanent partial industrial *disability* and in a *subsequent injury* sustains *additional* permanent partial *disability* and it is shown that the combined industrial disabilities render the employee permanently and totally incapable of steady gainful employment and incapable of rehabilitation to steady gainful employment, then the employer in whose employ the employee sustained such subsequent injury shall be liable only for that portion of the employee's industrial disability attributable to said subsequent injury.... (emphasis added)

Thus, a "subsequent injury," for the purposes of this statute, envisions the existence of a previous disability.

This interpretation is consistent with the distinction between an accident, which is the cause, and an injury, which is the effect. *See City of Boulder v. Payne,* 162 Colo. 345, 426 P.2d 194 (1967). Furthermore, it comports with the intent of the statute, which is to limit an employer's liability when permanent total disability results from multiple industrial disabilities. *See McGrath v. Industrial Commission,* 708 P.2d 1382 (Colo.App.1985).

■ Accordingly, we agree with the Panel that application of § 8–46–101 is not defeated by the novel time sequence here. Although the February 1981 accident was earlier in time, it did not result in permanent industrial disability until after claimant was involved in, and partially disabled from, the second accident. Therefore, there was no error in the apportionment of liability between petitioners and the SIF.

We are also unpersuaded by petitioners' related argument that an earlier order the ALJ entered on the issue of medical benefits conflicts with the ALJ's final order issued more than five years later. In the final

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

order, which was issued after a remand by the Panel, the ALJ found that claimant's cognitive problems did not manifest themselves until after maximum medical improvement was reached for the physical injuries sustained in the second accident. In the previous order on medical benefits, the ALJ found that within a short time after the first accident, claimant experienced problems with disequilibrium and memory loss.

However, this apparent conflict is, at most, harmless error. The findings in the subsequent order prevail since they were made after the Panel's specific instruction on remand to make further findings on the issue of apportionment, which encompasses findings on this area of conflict. *See* § 8–43–301(8), C.R.S. (1993 Cum.Supp.).

The order of the Panel is affirmed.

REED and RULAND, JJ., concur.