Mesa **MANOR** and **Colorado Compensation Insurance Authority, Petitioners,**

v.

The **INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Wendy A. Trimm, Respondents.**

No. 93CA0586.

Colorado Court of Appeals,
Div. I.

May 19, 1994.

Rehearing Denied June 9, 1994.

Certiorari Granted Sept. 19, 1994.

Carolyn A. Boyd, Denver, for petitioners.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., James C. Klein, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Withers, Seidman & Rice, P.C., Christopher Seidman, Grand Junction, for respondent Wendy A. Trimm.

Opinion by Chief Judge STERNBERG.

Petitioners, Mesa Manor and the Colorado Compensation Insurance Authority, seek review of a final order of the Industrial Claim Appeals Panel that denied their request for an offset of previously awarded permanent partial disability benefits against their liability for temporary total disability benefits awarded thereafter to Wendy A. Trimm, claimant, after a reopening for a worsening of condition. We affirm.

In 1987, claimant sustained an admitted work-related injury to her lower back for which she received approximately nine months of temporary total disability benefits. In 1989, petitioners admitted liability for an eleven percent permanent partial disability award. This resulted in a total permanent partial disability award of $32,466.72, payable at the applicable weekly rate of $120.

In March 1992, the Administrative Law Judge (ALJ) reopened the claim based upon the finding that the claimant had experienced a worsening of her physical condition, with increased lower back pain, leg pain, and numbness. The ALJ also found that these symptoms were similar to those experienced by the claimant at the time of her injury and were not brought about by any intervening reinjury or aggravation.

Accordingly, the ALJ awarded claimant temporary total disability benefits beginning June 28, 1991, and continuing at the weekly rate of $90.79. Claimant's permanent partial disability award was not changed.

Thereafter, claimant requested a hearing to enforce compliance with the March 1992 order and for entry of an award of penalties based upon petitioner's failure to pay both $90.79 per week in temporary disability benefits ordered in March 1992 and the permanent disability benefits of $120 per week that had been admitted to in 1989. At that hearing, the petitioners asserted that the payment of permanent partial disability benefits subsequent to June 28, 1991, completely offset their liability for the award of temporary total disability benefits.

In September 1992, the ALJ found that the petitioners had paid the $120 per week in good faith and, accordingly, denied penalties. In addition, based upon the stipulation of the parties, the ALJ ordered that the temporary disability benefits that had begun on June 28, 1991, would end on June 9, 1992.

However, the ALJ also ordered that petitioners remained responsible for temporary total benefits of $90.79 per week from June 28, 1991, to June 9, 1992, and that they were not entitled to offset or reduce those temporary total benefits on account of the past, concurrent, or future payment of admitted

permanent partial disability benefits. In addition, the ALJ awarded statutory interest on all amounts not paid upon the date fixed by the award. Review of this latter award was sought and the Panel affirmed.

Petitioners contend that claimant is not entitled to temporary disability benefits for the period between June 28, 1991, and June 9, 1992, because she was also receiving permanent partial disability benefits. They argue that the ALJ's order constitutes an award of concurrent temporary and permanent partial disability benefits, which is prohibited by our holding in *Kehm v. Continental Grain*, 756 P.2d 381 (Colo.App.1987), and constitutes a duplication of benefits that exceeds the average weekly wage earned by the claimant. Under the circumstances of this case, we disagree.

The rationale of *Kehm* is that one may not be permanently partially disabled at the same time one is permanently totally disabled. However, that principle does not resolve the issue here which concerns temporary versus permanent disability. Thus, *Kehm* is not dispositive.

The argument that the total of all benefits may not exceed the average weekly wage earned by the claimant has the look of logic. However, it confuses the nature of the awards for permanent and for temporary disability benefits.

■ Permanent disability benefits compensate for a permanent loss of future earning capacity, not for lost earnings. *Vail Associates v. West*, 692 P.2d 1111 (Colo.1984). In contrast, temporary total disability benefits are predicated upon the actual temporary wage loss attributable to the industrial injury, and not upon the degree of physical impairment. *Denny's Restaurant, Inc. v. Husson*, 746 P.2d 63 (Colo.App.1987); *see also Henricks v. Industrial Claim Appeals Office*, 809 P.2d 1076 (Colo.App.1990).

■ Therefore, the fact that the total of the previously awarded benefits for permanent partial disability were paid concurrently with the additional award for temporary total disability, and the fact that the total of the two exceeds the average weekly wage does not constitute a duplication of benefits.

The order is affirmed.

BRIGGS and KAPELKE, JJ., concur.