Steve PACHECO, Petitioner,

v.

ROARING FORK AGGREGATES; Colorado Compensation Insurance Authority; Subsequent Injury Fund; The Industrial Claim Appeals Office of the State of Colorado; and Director, Division of Workers' Compensation, Respondents.

No. 94CA0970.

Colorado Court of Appeals, Div. II.

April 6, 1995.

Rehearing Denied May 11, 1995.

Withers, Seidman & Rice, P.C., Gudrun Rice, Grand Junction, for petitioner.

Curt Kriksciun, Denver, for respondents Roaring Fork Aggregates and Colo. Compensation Ins. Authority.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jill M.M. Gallett, Asst. Atty. Gen., Denver, for respondent Subsequent Injury Fund.

No appearance for respondents Industrial Claim Appeals Office and Director, Div. of Workers' Compensation.

Opinion by Judge BRIGGS.

Steve Pacheco (claimant) petitions for review of a final order of the Industrial Claim Appeals Office (Panel) directing respondents Roaring Fork Aggregates (Colorado employer) and the Colorado Compensation Insurance Authority (CCIA) to pay a portion, but not all, of his permanent total disability benefits and dismissing the Subsequent Injury

Fund (SIF) from the case. Claimant contends the Panel erred in its determination that, even though permanent total disability resulted only when a Colorado industrial disability worsened after he had incurred a second out-of-state industrial disability, the second injury remained the "subsequent injury" for purposes of the SIF. He further contends the Panel erred in concluding that the SIF is therefore not liable for any portion of disability benefits under the Workers' Compensation Act (Act). We affirm.

## I.

In 1989, claimant sustained an industrial injury to his back at the L4–L5 level while working for the Colorado employer. After surgery, the CCIA admitted liability for a 6% permanent partial disability. Claimant injured his back again in 1990 at the L5–S1 level while working for a different employer in Hawaii. A workers' compensation claim was filed in Hawaii, and a second surgery, this time at the L5–S1 level, followed.

In 1991, while participating in a "work-hardening" program offered through the Hawaiian workers' compensation carrier, claimant's condition worsened at the L4–L5 level involved in the first injury. The claim against the Colorado employer was reopened. After a third surgery, again at the L4–L5 level, claimant was assigned a 32% impairment rating by his physician.

The Administrative Law Judge (ALJ) concluded that claimant was permanently totally disabled as a combined result of the 1989 and 1990 injuries and that 20% of this disability was due to the 1989 Colorado injury. The ALJ found no basis for SIF liability because the employer in Hawaii was the last employer and the ALJ had no jurisdiction over an out-of-state employer or a foreign workers' compensation claim. Thus, the CCIA was ordered to pay 20% of the permanent total disability benefits. The Panel affirmed.

## II.

■ Claimant first contends that, because the worsened condition from the first injury is akin to a subsequent injury and because claimant's permanent total disability is the result of a combination of the Hawaii injury and the worsened condition, the Panel erred in dismissing the SIF. We disagree.

Section 8–46–101(1)(a), C.R.S. (1994 Supp.) provides as follows:

In a case where an employee has previously sustained permanent partial industrial disability and in a subsequent injury sustains additional permanent partial industrial disability and it is shown that the combined industrial disabilities render the employee permanently and totally incapable of steady gainful employment and incapable of rehabilitation to steady gainful employment, then the employer in whose employ the employee sustained such subsequent injury shall be liable only for that portion of the employee's industrial disability attributable to said subsequent injury, and the balance of compensation due such employee on account of permanent total disability shall be paid from the subsequent injury fund as is provided in this section.

Before the SIF was established, the "full-responsibility" rule was in effect. Under that rule, an employer who hired a partially disabled employee was required to pay the entire disability award if the worker suffered another industrial injury and was declared permanently and totally disabled as a result. The SIF was established to encourage employers to hire partially disabled employees by mitigating the effects of the full-responsibility rule. *See Climax Molybdenum Co. v. Walter,* 812 P.2d 1168 (Colo.1991).

Here, the first injury resulted in a compensable disability. It is at this point that § 8–46–101(1)(a) provides its mitigating effects. We therefore reject the contention that the subsequent injury for purposes of the SIF occurred after the Hawaii accident when the condition caused by the first accident worsened.

We do not read the decision in *Pikes Peak Community College v. Leonard,* 865 P.2d 913 (Colo.App.1993) as contrary to our conclusion. In that case, the first injury did not result in disability until after the second injury and disability. The court concluded that the term "subsequent injury," for purposes of

the SIF statute, contemplates the existence of a previous disability. Here, however, the ALJ found, and respondents admitted, permanent disability prior to the 1990 injury in Hawaii.

We therefore conclude that the ALJ and the Panel did not err in determining that the second accident resulted in the subsequent injury for purposes of § 8–46–101(1)(a).

### III.

■ Claimant, in effect, separately contends that the SIF should be liable for that portion of permanent disability benefits not attributable to the subsequent injury, even if the subsequent employer is an out-of-state employer not subject to liability under the Act. We again disagree.

The General Assembly created the SIF in order to *limit* the liability of the subsequent employer to that portion of the employee's industrial disability attributable to the subsequent injury. Only employers subject to the Act and otherwise liable fall within its limitation on liability. The purpose of encouraging Colorado employers to hire partially disabled workers by mitigating the effects of full responsibility is not furthered by imposing liability on the SIF for injuries incurred while employed by out-of-state employers not subject to any responsibility under the Act. Furthermore, imposing liability on the SIF would deplete the funds available, which are provided only by employers subject to the Act. *See* § 8–46–102, C.R.S. (1994 Cum. Supp.).

We therefore conclude that the SIF is not liable for payment of any portion of permanent disability benefits arising from a subsequent injury incurred in the employ of an out-of-state employer not subject to the Act.

Contrary to claimant's argument, the Panel properly distinguished *Citadel Mall v. Industrial Claim Appeals Office*, 892 P.2d 419 (Colo.App.1994), in which a division of this court approved a stipulated apportionment of liability between an initial employer and the SIF. The claimant had sustained a second injury while working for a second employer in an on-the-job training program. However,

there is no indication in that case that the second employer was an out-of-state employer not subject to the Act.

Here, the subsequent injury was the 1990 injury in Hawaii. Significantly, neither the authority to apportion nor the ALJ's actual apportionment of the permanent total disability between the two injuries is challenged in this appeal. The ALJ and the Panel properly concluded that the Act did not apply to the Hawaiian employer or the workers' compensation claim filed in Hawaii. An additional remedy may lie with an out-of-state employer or fund. It does not lie with the SIF.

### IV.

Claimant next contends that the CCIA is responsible for all of the permanent total disability benefits because the worsened condition resulting from the first injury caused his permanent total disability. Because this issue was raised for the first time in the petition for review in this court, we will not consider it. *See Apache Corp. v. Industrial Commission*, 717 P.2d 1000 (Colo.App.1986).

The order of the Panel is affirmed.

CRISWELL and ROY, JJ., concur.