**DONALD B. MURPHY CONTRACTORS, INC. and Aetna Casualty & Surety Company, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO; Director, Department of Labor and Employment, Division of Workers' Compensation, State of Colorado; and Boyd L. Wymer, Respondents.**

No. 94CA1597.

Colorado Court of Appeals, Div. IV.

Sept. 21, 1995.

As Modified on Denial Rehearing Nov. 24, 1995.

Certiorari Denied April 29, 1996.

Blackman & Levine, L.L.C., Jordon S. Levine, Tama L. Levine, Denver, for Petitioners.

No Appearance for Respondents The Industrial Claim Appeals Office and Director, Department of Labor and Employment.

Burton, Busch & Garcin, W.M. Busch, Jr., Loveland, for Respondent Boyd L. Wymer.

Opinion by Judge MARQUEZ.

Petitioners, Donald B. Murphy Contractors, Inc., and Aetna Casualty & Surety Company, appeal from a final order of the Industrial Claim Appeals Office (Panel) which held that application of § 8–42–107.5, C.R.S. (1994 Cum.Supp.) to the claim of Boyd L. Wymer (claimant) for temporary total disability benefits was premature and that his present condition is directly related to his admitted work-related injury. We affirm in part, set aside the order in part, and remand with directions.

Claimant suffered an admitted work-related injury in 1991 for which he received temporary total disability benefits. In 1993, when his treating physician determined that claimant had reached maximum medical improvement with a seventeen percent permanent impairment, the petitioners filed a final admission of liability. Having already paid $28,491.12 for temporary total disability, the petitioners then paid $31,508.88, in permanent partial benefits, to reach the $60,000 limit set in § 8–42–107.5, C.R.S. (1994 Cum. Supp.), for medical impairment ratings less than twenty-five percent. The claimant promptly filed an objection.

Subsequently, the claimant's condition worsened and his treating physician determined that another surgery was appropriate, but opined that the surgery ultimately would not significantly alter claimant's impairment rating. Claimant sought temporary total disability benefits in addition to medical benefits. Petitioners objected, arguing first that there was no causal connection between the admitted injury and the present need for surgery, and second that they had already paid the limit of available temporary and permanent benefits.

The Administrative Law Judge (ALJ) found that the worsened condition was related to the admitted injury and that the surgery was reasonable and necessary to treat it. The ALJ also concluded that § 8–42–107.5 is in the nature of an affirmative defense and that the petitioners failed to prove that claimant's medical impairment was less than twenty-five percent. Therefore, the ALJ awarded claimant temporary total disability benefits subsequent to the final admission of liability.

On review, the Panel affirmed the ALJ's findings as based on substantial evidence in the record. It also agreed that claimant was entitled to temporary total disability benefits but on different reasoning. The Panel determined that "medical impairment" as used in § 8–42–107.5 referred to the medical impairment rating of § 8–42–107(8)(c), C.R.S. (1994 Cum.Supp.). Because a medical impairment rating cannot be determined until a claimant reaches maximum medical improvement, and the claimant here was undergoing additional treatment, the Panel concluded that application of § 8–42–107.5 was premature. Thus, it concluded that the ALJ was correct in concluding that the record did not establish that the claimant had a medical impairment of less than twenty-five percent.

## I.

Petitioners argue that the Panel erred in concluding that application of § 8–42–107.5 was premature. They cite evidence in the record in which the treating physician indicated that claimant's impairment rating would not be significantly altered by the surgery. They also argue that payment of temporary total benefits now, after they have already paid the limit on permanent partial benefits for an impairment less than twenty-five percent, would result in an unrecoverable overpayment to the claimant. We disagree that the Panel erred in concluding that application of the statute was premature. However, we do agree that, under these circumstances, no further payment is currently required.

## A.

■ Section 8–42–107.5 was added to the Workers' Compensation Act as part of the major revisions to the Act in 1991. It provides:

No claimant whose impairment rating is twenty-five percent or less may receive more than sixty thousand dollars from combined temporary disability payments and permanent partial disability payments. No claimant whose impairment rating is greater than twenty-five percent may receive more than one hundred twenty thousand dollars from combined temporary disability payments and permanent partial disability payments.

We agree with the Panel that the medical impairment rating cannot be determined while the claimant is still undergoing medical treatment.

Section 8–42–107(8)(c) requires determination of medical impairment rating *after* maximum medical improvement has been reached. Section 8–40–201(11.5), C.R.S. (1994 Cum.Supp.)

defines maximum medical improvement as: a point in time when any medically determinable physical or mental impairment as a result of injury has become stable and when no further treatment is reasonably expected to improve the condition.

Therefore, only after (1) the claimant reaches maximum medical improvement *and* (2) his medical impairment rating is established can the applicability of § 8–42–107.5 be determined. *See Dorman v. B & W Construction Co.*, 765 P.2d 1033 (Colo.App.1988).

## B.

Turning to the application of § 8–42–107.5 to the facts in this matter, we initially note that claimant's argument that § 8–42–107.5 is unconstitutional on equal protection grounds has been rejected by a division of this court in *Colorado AFL–CIO v. Donlon*, 914 P.2d 396 (Colo.App.1995). We conclude that that resolution is equally applicable here.

## C.

Petitioners argue that, if they must pay additional temporary total disability benefits, they should be permitted a credit for the permanent partial benefits already paid. They argue that, because the claimant's permanent impairment will be less than twenty-five percent and because they have already paid the limit of combined temporary total and permanent partial benefits under § 8–42–107.5, they should be credited with those payments rather than ultimately having to seek to recover overpayments from the claimant when he does establish his permanent medical impairment.

Initially we note that neither § 8–42–107.5 nor the reopening statute, § 8–43–303, C.R.S. (1994 Cum.Supp.), addresses this situation of further temporary total disability benefits being awarded after the limit on combined temporary total and permanent partial benefits has been paid. Thus, we find no statutory authority allowing for a deduction for the benefits already paid.

Professor Larson has discussed deductions for compensation previously paid, but only in the context of statutory provisions for deductions. *See* 2 A. Larson, *Workmen's Compensation Law* § 59.42(g), § 59.41 (successive or concurrent injuries on maximum amount allowable), and § 59.42 (maximum weeks) (1995).

A division of this court has held that, where permanent partial disability benefits were being paid on a weekly basis, concurrent payment of temporary total disability benefits awarded after reopening could exceed the average weekly wage. *Mesa Manor v. Industrial Claim Appeals Office,* 881 P.2d 443 (Colo.App.1994).

There, the division discussed the different purposes of permanent partial disability benefits, which compensate for a permanent loss of future benefits, as contrasted with temporary total disability benefits which are predicated upon the actual temporary wage loss attributable to the industrial injury. However, at issue there was a limitation on the amount of temporary total disability payments, *i.e.,* that they should not exceed the average weekly wage, and not benefits under § 8–42–107.5.

Nonetheless, *Mesa Manor* is instructive in that it indicates that a claimant ordinarily would not be limited in receiving temporary total disability benefits upon the reopening of the claim. However, we are faced with applying the goal of the statutory limit on combined temporary total and permanent partial benefits when a claim is pursued following payment under the provisions of the statute.

Traditionally, the Workers' Compensation Act has contained limits on benefits, *e.g.,* the limit on benefits for permanent partial disability, *see* § 8–51–108(1)(b), C.R.S. (1986 Repl.Vol. 3B), and the limit on temporary total disability benefits not exceeding the average weekly wage. *See Mesa Manor v. Industrial Claim Appeals Office, supra.*

In *Colorado AFL–CIO v. Donlon, supra,* a division of this court held that the limits on benefits in § 8–42–107.5 do not alter the intent to compensate a claimant for the impact of a physical impairment on both the claimant's past and future ability to earn wages. The division also noted that the plaintiffs did not challenge the two statutory limits in § 8–42–107.5 for claimants with an impairment rating greater than twenty-five percent or twenty-five percent or less.

█ In the absence of statutory guidance, for the reasons set forth below, we conclude that, when further benefits are sought after the twenty-five percent or less limit of § 8–42–107.5 has been applied, the petitioners are entitled to offset any permanent partial benefits paid against temporary total disability benefits.

This resolution maintains the incentive to employers and insurers to settle and provide permanent partial benefits, whether lump sums or periodic payments.

Although allowing an offset requires the claimant to allocate the permanent partial benefits already paid toward his current inability to earn wages until such time as permanent medical impairment can be calculated, when the maximum medical improvement is established, then the claimant may obtain any additional benefits available under the limits of § 8–42–107.5. *See* § 8–43–410, C.R.S. (1994 Cum.Supp.). Finally, the need for further proceedings to seek recovery of overpayment is eliminated in the event no further benefits are available.

This conclusion is bolstered by the purpose of the Workers' Compensation Act which is to provide "disability and medical benefits to employees at a reasonable cost to employers, without the necessity of any litigation." Section 8–40–102, C.R.S. (1994 Cum.Supp.).

## II.

We also reject the petitioners' argument that the ALJ erred in finding that the need for surgery is a direct result of the admitted work-related injury. Although the evidence is conflicting, there is substantial evidence to support the conclusion that the treatment is related to the industrial injury. *See F.R. Orr Construction Co. v. Rinta,* 717 P.2d 965 (Colo.App.1985). Therefore, we must uphold the ALJ's findings.

That portion of the order requiring the current payment of ongoing temporary total disability benefits is set aside and the cause is remanded with instructions to grant petitioners a credit for permanent partial disability benefits already paid against temporary total disability benefits, subject to claimant's right to seek further benefits available under

§ 8–42–107.5. The remainder of the order is affirmed.

CASEBOLT and VAN CISE,* JJ., concur.