**Ronald WAYMIRE, Jr., as dependent of Claimant Ronald Waymire, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OF-FICE of the STATE OF COLORADO, City of Las Animas and Colorado Compensation Insurance Authority, Respondents.**

No. 95CA1186.

Colorado Court of Appeals, Div. I.

May 2, 1996.*

Rehearing Denied May 2, 1996.

Certiorari Denied Oct. 15, 1996.

Michael W. Seckar, Pueblo, for Petitioner.

Dufford & Brown, P.C., Douglas A. Thomas, Douglas P. Ruegsegger, Denver, Colorado Compensation Insurance Authority, Brandee L. DeFalco, Denver, for Respondents City of Las Animas and Colorado Compensation Insurance Authority.

No Appearance for The Industrial Claim Appeals Office of the State of Colorado.

Opinion by Judge DAVIDSON.

Petitioner, Ronald Waymire (claimant), seeks review of a final order of the Industrial Claim Appeals Panel (Panel) which affirmed an order of the Administrative Law Judge

* Opinion previously announced as non-published March 28, 1996 is now selected for publication.

(ALJ) denying his claim for medical impairment benefits. We affirm.

The parties stipulated to the pertinent facts. As a result of an industrial injury in November 1991, the City of Las Animas and Colorado Compensation Insurance Authority (collectively CCIA) admitted that claimant is permanently and totally disabled. Claimant agreed with this admission and CCIA began paying permanent total disability benefits.

Additionally, claimant's treating physician opined that the claimant has a one hundred percent medical impairment resulting from the industrial injury. After an independent medical examination (IME) performed pursuant to § 8–42–107(8), C.R.S. (1995 Cum. Supp.), the IME physician opined that the claimant has a ninety-seven percent medical impairment. The parties stipulated to this rating.

Under these circumstances, the claimant argued to an ALJ that he should be entitled to receive contemporaneous payment of permanent total disability benefits under § 8–42–111, C.R.S. (1995 Cum.Supp.) and "medical impairment benefits" under § 8–42–107(8)(d), C.R.S. (1995 Cum.Supp.). The ALJ concluded, however, that "medical impairment benefits" awarded under § 8–42–107(8) are a form of "permanent partial disability benefits." Relying on *Kehm v. Continental Grain*, 756 P.2d 381 (Colo.App.1987), the ALJ concluded that a contemporaneous award of permanent total disability benefits and medical impairment benefits was not permissible and denied claimant's claim in that regard. The Panel affirmed the ALJ and this appeal followed.

On appeal, claimant contends that the ALJ erred in denying his claim for a simultaneous award of medical impairment and permanent total disability benefits. We disagree.

In *Kehm v. Continental Grain, supra,* a division of this court held that a claimant was not entitled to a simultaneous award of permanent partial disability and permanent total disability benefits. The division reasoned that it was theoretically impossible to be more than totally disabled and that simultaneous awards could induce malingering by making it more profitable to be disabled than to work.

Here, claimant argues, in essence, that the rationale underlying *Kehm* was that both permanent partial and permanent total disability benefits compensated a claimant for the same loss, *i.e.,* loss of earning capacity. Thus, a simultaneous award of both benefits would constitute double compensation for the same loss. However, claimant distinguishes *Kehm* from his situation.

He argues that medical impairment benefits, which were created by the 1991 amendments to the Act, are not awarded for "lost earning capacity," but for physical impairment and are calculated differently than either permanent partial or permanent total disability benefits. Based on these differences, he reasons that medical impairment benefits are not the equivalent of permanent partial disability benefits and do not compensate a claimant for the same loss as permanent total disability benefits. Therefore, his argument continues, a simultaneous award of medical impairment benefits and permanent total disability benefits would not compensate a claimant twice for the same loss. We disagree.

■ Contrary to claimant's assertions, "medical impairment benefits" awarded under § 8–42–107 are a form of permanent partial disability benefits. *Thornton v. Replogle,* 888 P.2d 782 (Colo.1995); *Ray v. Industrial Claim Appeals Office,* 920 P.2d 868 (Colo.App.1996); *Colorado AFL–CIO v. Donlon,* 914 P.2d 396 (Colo.App.1995); *see also Duran v. Industrial Claim Appeals Office,* 883 P.2d 477 (Colo.1994). In fact, the statutory caption to § 8–42–107 expressly categorizes permanent partial disability benefits as "schedule injuries" or "medical impairment benefits." *Durocher v. Industrial Claim Appeals Office,* 905 P.2d 4 (Colo.App.1995); *see also* Askew v. Sears Roebuck & Co., 914 P.2d 416 (Colo.App.1995).

■ Furthermore, we agree with the Panel that claimant's argument confuses the method of calculating medical impairment benefits with the purpose for which these benefits are awarded. Simply because § 8–42–107 limits the inquiry in determining dis-

ability to measurable "medical impairment" does not mean that awards made under § 8–42–107 are unrelated to lost earning capacity. The following language from *Colorado AFL–CIO v. Donlon, supra* is pertinent:

> And, while [the General Assembly] changed the method of calculation, the 1991 amendments did not change the nature of the compensatory goals of the Act.... Although a simplified system, utilizing a mathematical formula rather than extensive litigation requiring conflicting testimony of experts in various specialized fields, has been adopted for the determination of a claimant's degree of disability, nothing within the amendments suggests that the General Assembly intended to change the nature of the loss for which permanent partial disability benefits are designed to compensate. Whether computed from a statutory schedule or from a formula based upon the AMA schedule, the benefits payable, either temporary or permanent, are intended to compensate a claimant for the extent to which his or her physical impairment impacts upon the claimant's past and future ability to earn wages.

We agree with the Panel that, in view of these decisions, it is apparent that "medical impairment benefits" awarded under § 8–42–107 are a form of permanent partial disability benefits designed to compensate for lost earning capacity. Consequently, "medical impairment benefits" compensate for the same loss of future earning capacity as permanent total disability benefits. Thus, the ALJ correctly ruled that it is improper to award contemporaneous medical impairment and permanent total disability benefits.

We have considered, and reject, claimant's other arguments.

The Panel's order is affirmed.

METZGER and RULAND, JJ., concur.