BLACK ROOFING INC. and Colorado Compensation Insurance Authority, Petitioners,

v.

April D. WEST and the Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 98CA0176.

Colorado Court of Appeals, Div. V.

Aug. 6, 1998.

As Modified on Denial of Rehearing Oct. 1, 1998.

Curt Kriksciun, Colorado Compensation Insurance Authority, Denver, for Petitioners.

Marlin W. Burke, Denver, for Respondent April D. West.

No Appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge VOGT.

In this workers' compensation proceeding, Black Roofing, Inc. (employer), and its insurer, Colorado Compensation Insurance Authority, seek review of the final order issued by the Industrial Claim Appeals Office (Panel) awarding temporary total disability (TTD) benefits to April D. West (claimant). We affirm.

Claimant sustained a compensable injury to her lower back in June 1996, while shoveling rock for employer. She received medical treatment and returned to modified employment with restrictions, which were subsequently removed. On July 23, 1996, employer terminated claimant for drinking on the job and for unexcused absences.

Thereafter, claimant did not work. Her condition grew more painful and she obtained a second medical opinion in September 1996. The physician whom she consulted diagnosed right sciatica with possible radiculopathy and a possible herniated nucleus pulposus. He also noted that claimant's symptoms appeared consistent with her prior symptomatology and that her condition "looks to be a continuation of her work injury." When claimant's initial treating physician saw her in November 1996, he concurred with the second physician's diagnosis, but disagreed that claimant's condition was related to her work injury.

In February 1997, claimant obtained an examination by a division-appointed independent medical examiner (IME). The IME noted that, subsequent to her initial work injury, claimant had sustained injuries in a car accident and as a result of a beating, but concluded that these events did not affect her lower back injury and that her condition was related to the June 1996 work injury.

After an evidentiary hearing, the Administrative Law Judge (ALJ) found that employer had failed to overcome the IME's determination that claimant's condition was causally related to her industrial accident. The ALJ also found that claimant was not offered modified employment consistent with her work restrictions during the period between her injury and her termination. The ALJ therefore determined that claimant was entitled to TTD benefits.

The Panel upheld the award of TTD benefits on review. It concluded that the record supported the ALJ's determination that claimant's back problems were a compensable component of her industrial injury, and that the ALJ reasonably could infer that the disability resulting from the industrial injury contributed to some degree to claimant's subsequent unemployment.

Employer and the Colorado Compensation Insurance Authority contend that the Panel erred in awarding TTD benefits, primarily because claimant made no showing that, after her termination, she had conducted a reasonable job search that was unsuccessful because of the injury. We do not agree that claimant was required to present such proof as a prerequisite to her recovery of TTD benefits.

█ If a claimant is terminated for fault, and a work-related injury contributes to some degree to the subsequent wage loss, the claimant remains eligible for TTD benefits pursuant to § 8–42–105, C.R.S.1997. However, once a termination for fault is established, the claimant bears the burden of proving, by a preponderance of the evidence, that the injury contributed to the wage loss. *PDM Molding, Inc. v. Stanberg,* 898 P.2d 542 (Colo.1995).

█ Contrary to petitioners' contention, *PDM Molding* does not require proof of a reasonable but unsuccessful job search in order to establish that a post-termination wage loss is in some degree caused by the injury. While specific evidence of a job search may be relevant to that determination, *see Lindner Chevrolet v. Industrial Claim Appeals Office,* 914 P.2d 496 (Colo. App.1995), it is just one of the factors that may be considered. The right to TTD benefits is measured by the degree of wage loss attributable to an industrial injury, not by a worker's willingness to seek employment. *Denny's Restaurant, Inc. v. Husson,* 746 P.2d 63 (Colo.App.1987).

█ Here, there was substantial evidence to support the ALJ's determination that claimant's work-related injury interfered

with her ability to obtain post-separation employment. *See* § 8–43–308, C.R.S.1997. The ALJ found, with record support, that claimant's pre-termination job duties did not comply with the reasonable restrictions appropriate to her condition. Based on this finding, the ALJ could logically infer that claimant's termination for fault did not sever the causal connection between her disability and her wage loss. *See Suetrack USA v. Industrial Claim Appeals Office*, 902 P.2d 854 (Colo. App.1995).

The order is affirmed.

ROTHENBERG and TAUBMAN, JJ., concur.