**PIZZA HUT and Zurich American Insurance Company, Petitioners,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the State of COLORADO and John M. Corum, Respondents.**

No. 00CA1568.

Colorado Court of Appeals, Div. V.

Jan. 18, 2001.

Hall & Evans, L.L.C., John H. Sandberg, Denver, CO, for Petitioners.

No Appearance for Respondent Industrial Claim Appeals Office.

Erica West, Denver, CO, for Respondent John M. Corum.

Opinion by Judge ROY.

In this workers' compensation proceeding, Pizza Hut and its insurer, Zurich American Insurance Company (collectively employer), seek review of the final order issued by the Industrial Claim Appeals Office (Panel) upholding the calculation of the average weekly wage for John M. Corum (claimant). We affirm.

Claimant, a part-time driver for employer, injured himself in an admitted work-related accident when he fell on icy steps while delivering a pizza. The injury occurred on January 9, 1998. Shortly thereafter, claimant, who had been attending nursing school, obtained full-time employment with a hospital, worked concurrently for both employers for about two weeks, and then voluntarily quit his delivery job with employer.

Claimant reached maximum medical improvement (MMI) on October 21, 1998, and, pursuant to a division-sponsored independent medical examination (IME), received a whole-person medical impairment rating of 21%. Employer filed a final admission of liability for medical impairment benefits based upon claimant's IME rating and calculated pursuant to the part-time weekly wage of $110.03 he earned delivering pizzas. Claimant objected, requesting that benefits be calculated based upon the weekly wage of $458.03 that he was earning at the hospital when he attained MMI.

Following an evidentiary hearing, the Administrative Law Judge (ALJ) found that utilizing the wage paid by employer would "significantly understate the impact of Claimant's injury on his future loss of earning capacity." The ALJ further noted that he had the discretionary authority to calculate claimant's average weekly wage in a fair manner in light of the particular circumstances, and he determined that claimant's

medical impairment benefits should be calculated based upon the greater wage he was earning at the time of MMI. The Panel upheld the ALJ's order and employer seeks review here.

■ Employer contends that the ALJ abused his discretion in failing to award medical impairment benefits based upon claimant's average weekly wage at the time of the injury, rather than his higher weekly wage at the time of MMI. We disagree.

Section 8–42–107(8)(d), C.R.S.2000, sets forth a formula for the calculation of medical impairment benefits, which utilizes the temporary total disability rate contained in § 8–42–105(1), C.R.S.2000, of two-thirds of an employee's average weekly wage. Section 8–42–102, C.R.S.2000, defines the term "average weekly wage," and § 8–42–102(2) states that it shall be calculated based upon the remuneration received by the employee "at the time of the injury." However, § 8–42–102(3), C.R.S.2000, grants the ALJ discretionary authority to calculate the average weekly wage in some other manner if the prescribed methods will not fairly calculate the wage in view of the particular circumstances.

■ Because the authority to select an alternative method for computing the average weekly wage is discretionary, we may not interfere with the ALJ's order unless it is beyond the bounds of reason, that is, where it is unsupported by the evidence or contrary to law. *Coates, Reid & Waldron v. Vigil*, 856 P.2d 850 (Colo.1993).

Employer maintains that there were no special circumstances in this case to warrant the selection of the higher weekly wage. In support, employer argues that: claimant was only concurrently employed by the hospital and employer for two weeks; he never experienced a temporary disability from employment due to the injury; he voluntarily left his part-time employment and suffered no immediate impact on his earning capacity; and there was no evidence to support the ALJ's conclusion that claimant's permanent physical restrictions diminished his future earning capacity.

■ We initially note that a claimant need not suffer a temporary disability in order to qualify for medical impairment benefits. *See* § 8–42–107(8), C.R.S.2000. Similarly, the fact that claimant was not concurrently employed by the hospital and the employer at the time of the injury does not preclude the exercise of discretion under § 8–42–102(3) and an award of medical impairment benefits based on a higher wage; it merely constitutes one circumstance to be considered. *See Broadmoor Hotel v. Industrial Claim Appeals Office*, 939 P.2d 460 (Colo.App.1996).

We also reject employer's assertion that the lack of any immediate restrictions on claimant's ability to perform his present job duties at the hospital precludes the ALJ from relying upon the higher wage as an alternate means of calculating his average weekly wage.

■ Medical impairment benefits compensate for the same loss of future earning capacity as permanent total disability benefits. *Waymire v. Industrial Claim Appeals Office*, 924 P.2d 1168 (Colo.App.1996). Neither the fact that claimant sustained a ratable physical impairment, nor the fact that he is entitled to medical impairment benefits computed pursuant to the formula set forth in § 8–42–107(8)(d), is disputed. The record contains conflicting evidence regarding whether claimant incurred permanent physical restrictions, and, consequently, the ALJ's resolution of that conflict in favor of claimant must stand. *See Metro Moving & Storage Co. v. Gussert*, 914 P.2d 411 (Colo.App.1995).

■ Moreover, a significant wage increase that occurs post-injury does not establish a lack of impairment, nor does it mean that the claimant has not suffered a future wage loss related to the impairment. *See Vail Associates, Inc. v. West*, 692 P.2d 1111 (Colo.1984). Additionally, contrary to employer's argument, the potential impact that claimant's impairment and his physical restrictions may have on his future nursing career represents a reasonable and appropriate circumstance to be considered by the ALJ in assessing the fairness of the calculation of the average weekly wage. This is particularly so given claimant's testimony as to the possible limitations he may face.

Thus, although the record contains evidence that could have supported the calculation of claimant's average weekly wage based on his earnings at the time of the injury, we are satisfied that the ALJ acted within the scope of his discretion in determining that the higher wage earned at the time of MMI more fairly compensates claimant for his future loss of earnings. *See Gelco Courier v. Industrial Commission,* 702 P.2d 295 (Colo.App.1985)(insofar as the evidence is subject to conflicting inferences, it is the ALJ's sole prerogative to determine the inferences to be drawn).

The Panel's order is affirmed.

Chief Judge HUME and Judge RULAND concur.