**Dennis ROGAN, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE of Colorado, United Parcel Service, and Liberty Mutual Insurance Company, Respondents.**

No. 02CA1770.

Colorado Court of Appeals, Div. III.

Oct. 9, 2003.

Certiorari Denied June 7, 2004.

Alexander & Ricci, L.L.C., William A. Alexander, Jr., Colorado Springs, Colorado, for Petitioner.

Ken Salazar, Attorney General, Eric S. Rothaus, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

The Connell Law Firm, John M. Connell, Susan A. Kraemer, Denver, Colorado, for Respondents United Parcel Service and Liberty Mutual Insurance Company.

Opinion by Justice KIRSHBAUM.*

In this workers' compensation proceeding, Dennis Rogan (claimant) seeks review of the final order issued by the Industrial Claim Appeals Office (Panel) upholding the denial

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3) and

§ 24–51–1105, C.R.S.2002.

of his request for additional temporary total disability (TTD) benefits. We affirm.

Claimant sustained a compensable injury in 1995 while employed by United Parcel Service and was able to continue working until October 25, 1997. Thereafter, United Parcel Service and its insurer, Liberty Mutual Insurance Company (collectively employer) paid TTD benefits until claimant's authorized treating physician placed him at maximum medical improvement (MMI) on October 18, 1999. The authorized treating physician also assigned a permanent impairment rating for claimant's lower extremity of twenty-three percent.

Based upon this rating, employer filed a final admission of liability for previously paid TTD benefits of $45,715.30 and permanent partial disability (PPD) benefits of $14,284, and claimant received a total award of $60,000. The $60,000 sum equaled the benefit cap established by § 8–42–107.5, C.R.S. 2002, which limits the combined benefits for temporary disability and PPD compensation payable to a claimant for an impairment rating of twenty-five percent or less to a total of $60,000.

Claimant contested employer's final admission of liability and obtained a division-sponsored independent medical examination (DIME). The DIME physician opined that claimant did not reach MMI until October 23, 2001, and had suffered a fourteen percent permanent impairment of the whole person. Claimant then requested additional TTD benefits for the period beginning October 18, 1999, first MMI date, and ending October 23, 2000, when claimant admittedly returned to work. Employer denied liability for further temporary benefits based upon § 8–42–107.5.

Following an evidentiary hearing, the administrative law judge (ALJ) determined that because claimant received a permanent impairment rating of less than twenty-five percent and had been paid $60,000 in combined TTD and PPD benefits, he was not entitled to additional TTD benefits. The Panel upheld the denial of claimant's request on review.

Claimant contends that the ALJ erred in failing to retroactively award TTD benefits for the period preceding his return to work because those benefits were improperly terminated based upon an erroneous determination of MMI and a premature impairment rating. Under the circumstances here presented, we disagree.

As the Panel observed, claimant does not dispute that employer acted in good faith when it terminated his TTD benefits following the initial MMI determination. He also does not challenge the fact that his benefit recovery would normally be limited to $60,000. However, he urges that he is entitled to additional TTD benefits because employer had no legal justification to withhold them when they accrued. Implicit in his claim is the recognition that the reopening statute, in its prior form, did not permit the recovery of overpayments. *See* Colo. Sess. Laws 1990, ch. 62, § 8–43–303(1) at 509. We are not persuaded.

In *Donald B. Murphy Contractors, Inc. v. Industrial Claim Appeals Office*, 916 P.2d 611 (Colo.App.1995), a division of this court held that the cap established by § 8–42–107.5 cannot take effect before a claimant attains MMI as defined by § 8–40–201(11.5), C.R.S. 2002. The division reasoned that because the extent of a claimant's impairment cannot be determined before a claimant reaches MMI, application of the cap is precluded until MMI has been attained and an impairment rating has been assigned. The division also held, however, that under circumstances where additional TTD benefits become due, because the claimant's condition worsened after an initial MMI determination and a new MMI of 25% was possible, an employer could take an offset against PPD benefits already paid to minimize or avoid any overpayment if the new MMI equaled twenty-five percent or less.

We do not consider *Donald B. Murphy Contractors* dispositive of the issue raised in this case. It is undisputed here that claimant has reached MMI and that his permanent impairment is less than twenty-five percent. Consequently, we perceive no basis upon which claimant can be exempted from the statutory cap. The possibility that he may have been able to obtain an overpayment if events had unfolded differently does

not establish a right to such overpayment when his final MMI is less than twenty-five percent. As the Panel noted, a contrary holding would result in an undeserved windfall and directly undercut the purpose for which the cap was designed, that is, to create an overall savings in workers' compensation costs to employers while allowing a more generous award for levels of impairment exceeding twenty-five percent. *See* First Conference Committee on S.B. 218, 58th General Assembly, First Session (May 3 and 4, 1991).

Accordingly, under these circumstances, we uphold the denial of claimant's request for additional TTD benefits. *See Grogan v. Lutheran Med. Ctr., Inc.,* 950 P.2d 690 (Colo.App.1997)(because the § 8–42–107.5 cap had already been exceeded, claimant was not entitled to further temporary disability benefits).

The order is affirmed.

MARQUEZ and HUME *, JJ., concur.